## FRANK v. FIRESTONE.

(Supreme Court, Appellate Division, ·Second Department.   May ·7, 1909.)

1. APPEAL AND ERROR (§ 1009\*)—REVIEW—FINDINGS OF FACT.·
    Findings in an equity case will not as a rule be disturbed, though there is a sharp conflict in the evidence.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3970–3978; Dec. Dig. § 1009.\*]

2. TRUSTS (§ 354\*)—ESTABLISHMENT—FOLLOWING TRUST FUND. ·
    Jurisdiction to declare a trust in a fund is not taken away by defendant's investing it in other property.
    [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 527, 528; Dec. Dig. § 354.\*]

Appeal from Special Term, Kings County.

Action by Seamon Frank against Adolph Firestone.  From a judgment for plaintiff, defendant appeals.  Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and BURR, JJ.

Isador Silver, for appellant.

Thomas C. Larkin, for respondent.

WOODWARD, J.   The plaintiff brings this action in equity to establish the existence of a trust relation between the parties growing out of certain real estate transactions and for an accounting by the defend-· ant respecting the proceeds thereof.  The plaintiff's cause of action is based upon the theory that he had contracted for two certain parcels of real estate, intending to sell them to a real estate company by which he was employed as a sales manager upon a commission basis; that for reasons of his own he employed the defendant, for a consideration of $100, to act as a dummy in the transaction, the plaintiff furnishing all of the money; that the defendant entered into the arrangement and became the nominal party to the contracts which were entered into, resulting in a profit of over $2,000, which sum the defendant has failed to pay over to the plaintiff.  The theory of the defendant is that he was the real principal in the transaction; that he repaid the plaintiff the sums which the latter had loaned to carry out the deals, together with a commission of $300; and that the plaintiff has no standing in the action.  There was a sharp conflict in the evidence; but it cannot be said that there is not evidence to support the plaintiff's version, and under such circumstances appellate courts do not, as a rule, interfere.

It is urged with great persistency that the documentary evidence wholly contradicts the oral evidence, and that the weight of .evidence is with the defendant.  While it is true that upon its face the documentary evidence, unexplained, would seem to support the defendant's contention, we are of the opinion that in connection with the entire case there is no irreconcilable difference, and that the learned court below was fully justified in its conclusion.

The suggestion that the defendant, having invested the fund in other real estate, has taken away the jurisdiction of the court to declare a

trust in the particular fund, is hardly worthy of serious discussion. The equitable jurisdiction rests upon the defendant's abuse of a confidential or fiduciary relation, and no action of the defendant can destroy the right of the plaintiff to follow the fund or to require such relief as the circumstances permit.

The judgment should be affirmed, with costs. All concur.