# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

## State of New York.

---

HARRIET E. OSTRANDER, Appellant, Respondent, *v.* GEORGE N. OSTRANDER, Respondent, Appellant.

Third Department, November 18, 1920.

Trusts — testamentary trust to wife during widowhood with remainder to third person — marriage of widow and third person with agreement by husband to hold one-half property in trust for wife — unwillingness of equity to interfere with trust agreement, whose principal object was to destroy testamentary trust, except to do exact justice — right of beneficiary to elect to take money instead of property — evidence not establishing modification of trust agreement — right of trustee on accounting to credit for sum paid to settle law suit against beneficiary — wife cannot reach lands devised specifically to husband — wife's trust estate chargeable with proportionate share of debts of late husband — transfer of title to trust property on payment of money by trustee.

The plaintiff by the will of her former husband was made the beneficiary of a trust so long as she should remain unmarried and the defendant was one of the residuary legatees in said will. On the day of the intermarriage of the plaintiff and the defendant an alleged trust agreement was entered into between the parties whereby the defendant agreed to hold in trust one-half of the property which he should receive from the estate of the plaintiff's former husband and to which he became entitled on the plaintiff's marriage to him. Subsequently the plaintiff instituted this action to remove her husband as trustee and for an accounting.

*Held*, that as the agreement between the parties was entered into for the principal purpose of destroying a trust already created by the will of the

plaintiffs' late husband, each of the parties comes into court equally chargeable with the acts, the purposes and the consequences which that instrument denotes.

Under such circumstances it requires more than a mere irregularity affecting none but the parties themselves to move equity toward the advantage of either, except to do exact justice so far as it can be done.

The plaintiff was entitled to elect to take the value of the trust property in money with interest thereon instead of the specific property.

The finding of the referee that there was no modification of the trust agreement by which the plaintiff agreed to give the income therefrom to the defendant is supported by the evidence.

The defendant was entitled to a credit for money paid by him to settle an action brought by his former wife against the plaintiff herein for alienation of affections, with interest from the date of payment.

The plaintiff was not entitled to reach wild lands which her late husband devised specifically to the defendant.

The trust estate of the plaintiff will be rightly chargeable with one-fourth of the claims against the estate of her late husband when those claims are liquidated.

The plaintiff having elected to take money for her trust interest instead of securities should, on payment of the same, transfer all her interest, right and title to the property involved herein to the defendant.

JOHN M. KELLOGG, P. J., and COCHRANE, J., dissent.

APPEAL by the plaintiff, Harriet E. Ostrander, from a judgment of the Supreme Court in her favor, entered in the office of the clerk of the county of Saratoga on the 24th day of May, 1920, on the ground that the amount for which the defendant is adjudged accountable is insufficient.

Appeal by the defendant, George N. Ostrander, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 24th day of May, 1920, removing defendant as the alleged trustee of plaintiff's property, and finding that he holds of her money $153,039.42, and directing him to pay said amount to the substituted trustee, The Adirondack Trust Company.

*Brackett, Todd, Wheat & Wait [Edgar T. Brackett and Luther A. Wait of counsel], for the plaintiff.*

*Edward M. Angell [Joseph A. Kellogg of counsel], for the defendant.*

KILEY, J.:

The parties in this action are husband and wife. Upon the trial of this action before a referee plaintiff recovered a

judgment against the defendant. Both parties have appealed and hereafter will be designated as plaintiff and defendant. The facts out of which this litigation arise are briefly as follows: George R. Finch, a resident of Glens Falls, N. Y., died January 12, 1906; he left him surviving this plaintiff, his widow, and no descendants; he was worth, at the time of his death, about $800,000. He left a last will and testament made and executed on the day he died. The 2d and 3d clauses of the will made provision for this plaintiff as follows: " *Second.* I give, devise and bequeath unto my beloved wife, Harriet E., for her use and benefit so long as she shall remain unmarried and my widow, the residence in which I now reside and the contents thereof, that is, furniture, plate, etc., together with all the horses and carriages thereon, and the appurtenances thereof. *Third.* I direct my executors hereinafter named, and it is my will that my said wife, Harriet E., shall, before the payment of any sum herein directed to be paid, receive from my estate the sum of Twenty-five thousand ($25,000) dollars annually in such installments and at such times as to my said executors shall seem wise and proper, and so long as she remains my widow." In the 9th clause of the will it is provided that the foregoing shall be in lieu of dower. The will gave specific legacies to different people, among them this defendant. The testator disposed of the residuum of his estate as follows: " *Seventh.* Upon the death or remarriage of my said wife, I give, devise and bequeath all my estate, real and personal, not otherwise disposed of herein, to my said sister, Mrs. Thomas H. Foulds, and to my friend, George N. Ostrander, in fee absolute." George N. Ostrander above named is this defendant. Proceedings were had to probate said will and a brother of the decedent, J. T. Finch, filed objections and entered upon a contest thereof. On the 5th day of March, 1907, all of the legatees named in the will, including the executors, signed, executed and delivered an instrument in writing containing the terms of settlement made with said J. T. Finch, pursuant to which, and for the consideration therein named, he withdrew his objections and permitted the will to be probated. He received $50,000 cash and large blocks of stock out of the estate, materially lessening the same. The defendant was the attorney for George R. Finch in his lifetime and drew this will on his death bed. It appears

from the evidence that defendant had a wife and son living, and that there had been no divorce. Each of the parties to this action faced a dilemma at that time; the plaintiff must live husbandless the remainder of her life in order to enjoy the benefits provided for her under clauses 2 and 3 of the will; and the defendant, if plaintiff did not die or remarry, must forego, for a time undetermined and undeterminable by any legal or ethical process, the enjoyment of the provisions made for him in the 7th clause of the will. There is an old saying: " That where there is a will, there is a way," and it is gathered from the evidence that defendant's wife at that time procured a divorce from him. The next of importance is the following document:

" This agreement, made and entered into this 22d day of June, in the year of our Lord, one thousand nine hundred and seven, by and between George N. Ostrander of the City and County of Albany and State of New York, party of the first part, and Harriet E. Ostrander, party of the second part. Witnesseth: That whereas, in and by the last will and testament of George R. Finch, late of Glens Falls, New York, the said party of the second part, then Harriet E. Finch and the widow of the said George R. Finch, was devised and bequeathed a yearly annuity of $25,000, conditioned upon her remaining unmarried, it being further provided that upon her remarriage, the said legacy or annuity should lapse, and, returning to the body of the estate of said decedent, should, with the principal sum wherefrom said annuity was to be derived, eventually pass to the residuary legatees named in and by the said last will and testament of George R. Finch, deceased, to wit: Helen E. Foulds of Glens Falls, New York, and George N. Ostrander, the party of the first part hereto; and

" WHEREAS, the said parties hereto have now intermarried, and prior to said marriage it was agreed by and between the parties hereto, and by the party of the first part as a compensation for the forfeiture of the said annuity belonging to the said party of the second part caused by such marriage, and for the purpose of providing a suitable maintenance and support for his said intended wife, the said party of the second part, that he, the said party of the first part, should and did set apart for such support and maintenance and as a settlement

upon his intended wife in the event of such marriage, an undivided one-half interest in the property and estate, real or personal, which he might receive as one of the residuary legatees under the said last will and testament of the said George R. Finch, deceased:

" *Now, Therefore,* This agreement made this 24th day of June, 1907, between the said George N. Ostrander, party of the first part hereto, and the said Harriet E. Ostrander, party of the second, [*sic*] hereto, Witnesseth: That for and in consideration of the premises and of the sum of one dollar by each of said parties to the other paid, and because of said marriage and certain other good and valuable considerations from said parties to each other passing, it is agreed as follows, to wit:

" That the said party of the first part does hereby covenant and agree to set apart one-half of all the property and estate, real and personal, which he may receive, or which may be paid over to him as one of the legatees under the last will and testament of George R. Finch, late of Glens Falls, New York, deceased, the same to be and constitute a trust fund and separate estate of the said party of the second part and which he, the said party of the first part, as trustee for said party of the second part, shall have and hold in trust nevertheless, to invest and reinvest the same and to collect and receive the income and profits thereof and pay over the same unto the said party of the second part during the term of her natural life, and upon her death and the death of the said trustee, party of the first part, the said principal of said trust fund, together with all accumulations of interest and income shall be paid unto such parties or persons as she, the said party of the second part, may by will direct, or should she die intestate, to her lawful heirs at law. It being intended that the said trust so created shall terminate and cease upon the death of both the parties to this agreement. And this agreement is here made in ratification and confirmation of an ante-nuptial agreement made between the parties hereto, and is done for the purpose of confirming and carrying into effect said ante-nuptial agreement." The agreement was signed and acknowledged by the parties, who are the parties to this action.

On the same day this agreement was made and signed

the parties thereto and to this action were married out-
side of the State of New York. Both parties concede that
this instrument creates a trust in favor of the plaintiff. We
have no fault to find with what the parties agree is the correct
construction, essence or effect of the contract as herein set
forth, and while I accede to the wishes of the parties in that
regard, it is apparent that it was an agreement, entered into
by the parties with one of the principal purposes, to destroy
a trust already created by the will of George R. Finch, deceased.
Each of the parties come into court, equally chargeable with
the acts, the purposes, and the consequences which that
instrument denotes. Under such circumstances, it should
require more than a mere irregularity, affecting none but the
parties themselves, to move equity toward the advantage of
either, except to do exact justice so far as it can be done.
Plaintiff, feeling that the defendant had mishandled the prop-
erty transferred to her under the alleged trust agreement,
brought this action. In and by said complaint she does not seek
the specific property intended to be conveyed, but elects to
take the value thereof in money with interest thereon. This
she had a right to do. ( *King* v. *Talbot,* 40 N. Y. 76; approved,
*Villard* v. *Villard,* 219 id. 482, 499.) Defendant accepts
the method adopted by plaintiff and expresses himself as
willing to pay over the value of the corpus of said trust estate,
but objects to paying interest thereon, alleging as a reason
that said trust agreement was, subsequent to the execution
and delivery thereof, modified by a parol agreement made
between him and the plaintiff to the effect that because a
home he was building and their living expenses were greater
than could be met from his individual income, plaintiff said
to him he could use the income from her estate; plaintiff
denies that such authority was given with reference to income;
that such arrangement applied to $20,000 she had in the
bank and was received as income from the estate of her
deceased husband, which she did loan to him and took his
evidence of indebtedness and security therefor. It may be
said here that such loan or transaction is not involved in this
litigation. She further says that under section 15 of the
Personal Property Law (as amd. by Laws of 1911, chap.
327) such modification could not be legally made. In

reply defendant says that after the trust agreement he placed one-half of his portion of the residuary estate coming to him under the will of George R. Finch, deceased, consisting of stocks of said estate, in an envelope, and wrote thereon what it contained; that said stocks were transferred by assignment on the back thereof, and the whole thereof he placed in his safe deposit box in the bank and gave plaintiff a duplicate key to said box; that such transaction was a compliance with section 23 of the Personal Property Law (as added by Laws of 1909, chap. 247), wherein it provides for the manner of revocation of a trust in personal property or any part thereof. And further that plaintiff, having permitted the actual operation under this agreement, is now estopped from denying the validity thereof; that the money has been so expended and that equity should intervene and the doctrine of equitable estoppel applied.    Defendant cites *Rothschild* v. *Title Guarantee & Trust Co.* (204 N. Y. 458); *Brown* v. *Bowen* (30 id. 519); *Boardman* v. *Lake Shore & Michigan Southern R. Co.* (84 id. 157); *Trustees, etc.,* v. *Smith* (118 id. 634); *Butterfield* v. *Cowing* (112 id. 486), and *Vohmann* v. *Michel* (185 id. 420).    Chief among these cases is *Trustees, etc.,* v. *Smith* (118 N. Y. 634).    Plaintiff says she did not consent that her money or income, except the $20,000 loan, should be used up for living expenses and that she asked the several years intervening the trust creation and the commencement of this action after her income and was told by defendant she had no income.    The referee has found, and we cannot say on insufficient evidence, that there was no such modification as herein contended for by the defendant. Equity does not press hard enough to disturb the foundation of this finding.    It should not be overlooked that defendant has the title of this magnificent estate described in the evidence, and into which it is claimed much of this income went.    The referee found that plaintiff's interest in the property, conveyed or agreed to be conveyed, by the trust agreement, was, on July 13, 1912, principal, $111,361.78; interest upon that principal prior to July 13, 1912, $5,179.18, making a total of $116,540.96, against which the referee allowed as a valid offset $12,420.71, leaving a total chargeable against defendant on July 13, 1912, $104,120.25.    Upon this amount and from the last-named date he allowed interest at the rate of six per

cent per annum, making the total amount of damages $153,039.42. Ninety-eight thousand nine hundred and forty-one dollars and seven cents of the damages so found represent the value of the property transferred to plaintiff under the trust agreement; the balance is for interest. Defendant contends that having used this interest under the aforesaid arrangement with the plaintiff he should not be charged with it and also it did not earn the item of interest charged previous to July 13, 1912. The referee took a different view, and with the exception of one further credit his statement of the account, based upon the questions of fact in the evidence, must stand. The evidence shows that before this marriage of plaintiff and defendant the previous Mrs. Ostrander sued this plaintiff for alienation of defendant's affections. Plaintiff, as Mrs. Finch, handed the summons to the defendant to represent her. The matter dragged along, was on a calendar of the court where the venue was laid, and finally settled by defendant paying the plaintiff in that action $2,500 and an attorney who effected the settlement $250. I cannot find that these amounts have been credited to the defendant; they should be with interest from date of payment, September 30, 1910. If this amount had been much larger the plaintiff should pay. Under the circumstances peace was reasonably purchased. Plaintiff seeks to reach the wild lands given to defendant, as a specific legacy, in the Finch will. She is not entitled to have such desire gratified; the referee's report is proper in that regard. The referee found as a fact that there were unsettled claims outstanding against the Finch estate in the sum of approximately $50,000. When those claims are liquidated one-fourth of the amount necessary to pay them is by right chargeable to the trust estate of the plaintiff. Plaintiff having elected to take money for her trust interest instead of securities should, on payment of the same, transfer all of her interest, right and title to the property here involved to the defendant. The judgment should be modified by deducting from the amount of said judgment $2,750 and interest at six per cent from September 30, 1910, to the date of said judgment, by inserting in said final judgment a provision that plaintiff's trust estate is chargeable with one-fourth of the amount of money or other valuable thing

necessary to be paid to discharge the outstanding claims against the George R. Finch estate whenever and however that shall be determined, and also provide for the transfer to defendant, on payment of the judgment, as modified, all property of every name and nature involved in this action and covered by said trust agreement as in said judgment and findings of the referee found.

The judgment, as modified, should be affirmed, without costs.

Plaintiff's appeal should be dismissed, without costs to the defendant.

All concur, except JOHN M. KELLOGG, P. J., and COCHRANE, J., who dissent and vote for reversal on the ground that the referee did not determine whether any of the income of the trust was expended by the husband at the request or consent of the wife, and that that matter should be determined.

Judgment modified in accordance with opinion and as so modified affirmed, without costs.