In the Matter of the Estate of JOHN GERKEN, Deceased.

Surrogate's Court, Kings County, December 23, 1931.

*Gibbs, Hand & McCabe*, for the petitioner.

*Laughlin, Gerard, Bowers & Halpin*, for the respondent.

*Arnold M. Schmidt*, special guardian for Carolyn V. Gerken.

WINGATE, S. The sole question for determination in this proceeding is whether the estate of this decedent is the real owner of a certain bond and mortgage evidencing an obligation of $18,000, or whether it is properly a part of the trust *res* of a trust erected in 1913 of which the decedent and his wife, Clara R. Gerken, were the trustees, and of which she and Corn Exchange Bank Trust Company are the present fiduciaries.

The evidence adduced has demonstrated that prior to 1889 a considerable tract of property on Kings highway and Coney Island avenue in Brooklyn belonged to one Edward Ridley, the grandfather of respondent Clara R. Gerken. On March 7, 1889, this was conveyed by his executors to Carrie Ridley, the mother of Clara Gerken, who, in turn, devised it to the latter. On May

1, 1913, she conveyed it to an attorney by the name of Lewis and simultaneously a trust *inter vivos* was erected by which this and certain other properties were transferred by Lewis to the decedent and his wife, as trustees, to pay the income to Clara for life with remainder to their children. In 1916 the Kings highway property, then held by the trustees under this trust agreement, was subject to a mortgage of $85,000 and was incumbered by various liens and other charges. An application was made to United States Title Guarantee Company for a mortgage loan of $135,000 thereon. This was granted by the company on the condition that certain property owned by it, located at 355 St. Johns place, Brooklyn, should be purchased at the price of $42,600. The entire transaction was carried out on December 28, 1916. The purchase price of the St. Johns place property was paid by the assumption of an existing mortgage of $33,000, by the application of about $9,000 of the moneys then loaned by the title company to the trustees on the Kings highway tract, the balance of slightly less than $3,000 being personally paid by the decedent. The title to the St. Johns place property was taken in the name of Ion C. Holm, who appears to have been a son of the attorney who negotiated the transaction. Holm conveyed it on April 17, 1918, to Louise M. Hartley, Mrs. Gerken's aunt, who in turn transferred it to Arthur J. Westermeyer, another attorney, on the following day. It has been stipulated that neither Holm, Mrs. Hartley nor Westermeyer had or claimed any interest in the property, but severally held it as dummies or nominees for the Gerkens, either in their individual or trust capacities. On December 19, 1919, Westermeyer conveyed the property to Mrs. Gerken, who deeded it to the decedent individually on March 13, 1922. The decedent sold it to one Louis Minore on August 11, 1926, receiving certain sums in cash, and a purchase-money mortgage of $24,000, which was subsequently reduced by partial payments to $18,000. This is the mortgage which is the subject-matter of this proceeding.

The sums received in cash by the decedent on the sale to Minore materially exceeded the amount paid by him from his own funds at the time title was taken. It was also demonstrated that for several years while the property was held by the dummies the rents received therefrom were carried into the accounts of the trustees.

The net estate of the decedent approximates $100,000, in consequence of which there are no rights of creditors involved. The practical effect of a decision in favor of or adverse to the contention of the trustees that this mortgage can and should be traced into the estate of the decedent and claimed as part of their trust *res* must necessarily be of negligible practical importance. If the

determination be in the negative, it will pass into the residue of the estate which is erected into a trust with the income payable to testator's wife and two children in equal shares, with remainders and cross remainders to them or their issue. If it be in the affirmative, it will be added to the principal of the trust *inter vivos,* the income from which is payable to the wife with remainders to the children or their issue. No attack is made upon the validity of the trust.

No power is granted to the trustees by the deed of trust either to hold trust properties in their individual names or in those of nominees, nor are they authorized to invade the corpus of the trust for any purpose. Since, on the proofs adduced, it is unquestionable that approximately $9,000 of the funds of the trust were employed in the purchase of the St. Johns place property, title to which was not taken in the names of the trustees, and further that the decedent as trustee commingled his own funds with those of the trust, it is obvious that a devastavit was committed for which the present trustees of the trust can hold the estate of the deceased trustee liable. (Sur. Ct. Act, § 231; *Matter of Early,* 112 Misc. 54, 60; affd., 195 App. Div. 889; *Matter of Harbeck,* 142 Misc. 57.)

It is open to the successor trustees to elect whether they will affirm the investment of the trust funds in the St. Johns place property, whereupon it or its avails would become the property of the trust, or will disaffirm the transaction and hold the trustee liable for his devastavit, receiving an equitable lien on the property into which the trust funds went, for the amount which may be determined to be due as a result of the devastavit. (*King* v. *Talbot,* 40 N. Y. 76, 90; *Villard* v. *Villard,* 219 id. 482, 499; *Ostrander* v. *Ostrander,* 194 App. Div. 1, 6; *Mullin* v. *Mullin,* 119 id. 521; *Matter of Harbeck, supra.*) They have elected to pursue the former remedy, to affirm the transaction, and to take the mortgage received by the deceased trustee in his own name in satisfaction of his liability.

The trustees were entitled to and have succeeded in tracing the trust funds into the St. Johns place bond and mortgage. (*Holmes* v. *Gilman,* 138 N. Y. 369, 384; *Welch* v. *Polley,* 177 id. 117, 123; *Newton* v. *Porter,* 69 id. 133, 138; *Frank* v. *Firestone,* 132 App. Div. 932, 933.) It follows, therefore, that no rights of creditors being involved, the executors of his estate are not entitled to the possession of the securities and are under obligation to do such necessary acts as may be required to perfect title and possession thereof in the trustees of the *inter vivos* trust.

Proceed accordingly.