The following decisions, published by direction of the court, were not originally intended for publication, and, therefore, not printed with others of the same dates.

JOSEPH CAPONE, Appellant, v. MATTEO REALTY CORPORATION and Others, Defendants. PHILIP BRUST and Another, Plaintiffs, v. MATTEO REALTY CORPORATION and Others, Defendants. THOMAS A. KANE and Another, Plaintiffs, v. MATTEO REALTY CORPORATION and Others, Defendants. Accounting of THOMAS F. McGUIRE, Receiver of Rents, Respondent. [Decided May 27, 1932.] — Motion for leave to dispense with printing certain papers on appeal and for extension of time to file papers granted on the following conditions: The appellant shall make a signed statement in writing in which are set forth concisely the facts contained in the papers used on the motion at Special Term which he concedes to be true for the purpose of the appeal; he shall state concisely the questions in dispute which he proposes to raise on the appeal, either of law or fact, and the papers relied on to raise the questions of law and the papers necessary to present the questions of fact; as to documents on file, they may be stated in summary form sufficient to present the essential facts; it will be sufficient if a copy of the printed papers on the former appeal be served on opposing counsel and five copies be filed with the papers on this appeal. A copy of all the foregoing papers shall be served on opposing counsel, together with a notice of settlement of the abridged case before

the justice who heard the motion at Special Term. Such notice shall be given ten days before the day of proposed settlement, and the opposing counsel may, within five days, propose amendments. The appeal papers as thus settled shall constitute the record on appeal in this court. (Civ. Prac. Act, § 576; Rules Civ. Prac. rules 230, 232, 234; *Derby* v. *General Electric Co.*, 208 App. Div. 529; *National Fire Insurance Co.* v. *Shearman*, 223 id. 127; *Martin* v. *Donnelly*, Id. 353; *Moran* v. *Rainbow Appliance Corporation*, 225 id. 587; *Matter of Coyle* v. *Howell, Fields & Goddard, Inc.*, 228 id. 388; *Matter of MacConel* v. *Union Coal & Ash Co.*, 230 id. 336.) If this practice is complied with, plaintiff may make further application to this court for leave to dispense in part with printing, if so advised. Plaintiff's time is extended thirty days from the date of entry of the order herein to prepare and settle his appeal papers as above directed. Otherwise the motion is denied without condition, with ten dollars costs. The matter as presented is very confused and the stipulation proposed is meaningless. It does appear, however, that the question to be presented on appeal may be submitted on a record very much abridged. It is the duty of both counsel to make an earnest effort to agree on an abridgment containing only the papers strictly essential both to clarify the questions and to lighten the labors of the court, as well as to save unnecessary expense in printing. The rules for abridgment of an appeal from a judgment may be adapted to the practice on an appeal from orders, as in this case, where the issues are in effect finally determined. (*Matter of City of Rochester*, 234 App. Div. 647.) Present — Lazansky, P. J., Kapper, Carswell and Davis, JJ.; Hagarty, J., taking no part.