REBECCA LYDON, Appellant, v. MICHAEL J. LYDON, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ.

HERMINE MOSCOWITZ, Respondent, v. HERMAN H. MOSCOWITZ, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ.

OTTO E. F. RISCH, Respondent, v. VINCENT MIGLIACCIO, Appellant, and Others, Defendants.— Motion for reargument denied, with ten dollars costs. Motion to resettle order denied. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ.

CHARLES SCHALDA, Appellant, v. BANKERS TRUST COMPANY, Respondent.— Motion to dispense with printing denied, except as to the policy of insurance, photostats of which may be submitted to the court on the argument of the appeal. The appellant is entitled to relief either by a bill of exceptions or by an abbreviated record. (Capone v. Matteo Realty Corporation, 241 App. Div. 845.) Present — Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ.

VILLAGE OF LAWRENCE, Respondent, v. GEORGE LEARY and Another, Appellants, and THE CITY OF NEW YORK, Defendant.— Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ.

FRED G. WEYHRAUCH, as Administrator, etc., of ANNA WEYHRAUCH, Deceased, Respondent, v. GEORGE I. MILLER, Defendant, and UNITY HOSPITAL, Appellant.— Motion to resettle order of June 4, 1934 [242 App. Div. 641], granted and order resettled by striking therefrom the words " and the facts." Present — Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ.

MARC APPLETON, Appellant, v. ABRAM GREENFIELD, Respondent.— In an action to recover damages for breach of a contract, order of the County Court of Rockland county, granting defendant's motion for summary judgment dismissing the complaint, and the judgment entered thereupon, reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. In our opinion, the alleged settlement of the former action, brought by the plaintiff's assignors against the defendant for the same cause of action, alleged to have been effected between the attorneys for the parties therein, was in no way binding upon the plaintiffs in that action as there is no proof in this record that they ever authorized such settlement. Lazansky, P. J., Young, Scudder and Johnston, JJ., concur; Carswell, J., concurs in result.

URBANO BALDASSARE, Respondent, v. PATRICK GALELLO, Appellant.— Action to recover damages for personal injuries sustained through the negligent operation of defendant's automobile, in which plaintiff was riding as a guest. The car was driven by defendant's nephew with defendant's consent. The jury returned a verdict of " no cause of action." Defendant appeals from the order setting aside the verdict and granting a new trial. Order of the County Court of Rockland county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ.