HARRY A. O'ROURKE, Appellant, v. SALVATORE CASTAGNOLA and Another, Respondents.— Motion to dismiss appeal denied on condition that appellant perfect the appeal for the October term (for which term the case is set down) and be ready for argument when reached; otherwise, motion granted, with ten dollars costs. Motion to dispense with printing the minutes of the trial denied. The appellant is entitled to relief either by a bill of exceptions or by an abbreviated record. (*Capone* v. *Matteo Realty Corporation*, 241 App. Div. 845.) The time to perfect and argue the appeal is extended to the October term. Present — Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ.

In the Matter of the Application of HENRY HIRSCHBERG, District Attorney of Orange County, Petitioner, for an Alternative Prohibition Order against THE SUPREME COURT OF THE STATE OF NEW YORK, Hon. RAYMOND E. ALDRICH, Individually and as Justice of the Supreme Court, and Others, Respondents.— The order of prohibition which is sought has relation to an application made by the defendant to the Supreme Court for an order requiring the district attorney of the county of Orange to grant the defendant and his attorney an inspection of the grand jury minutes. Prior to the application the indictment was transferred from the Supreme Court to the County Court of Orange county by an order of the Supreme Court pursuant to subdivision 6 of section 22 of the Code of Criminal Procedure. While the case is pending in the County Court the Supreme Court is without power to make the proposed order. (*People* v. *Salamone*, 221 App. Div. 758.) The application for an alternative order of prohibition is granted, returnable on May 6, 1935. Present — Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ. Settle order on notice.

AMERICAN YARN COMPANY, INC., Respondent, v. OREGON WORSTED COMPANY, Appellant.— Order directing the defendant, by its managing agent, to appear for examination before trial as an adverse party reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. This action is to recover damages for the breach of an alleged contract whereby the defendant employed the plaintiff as sales representative within certain territory. Plaintiff seeks to examine the defendant as to the volume of business which was done in the territory in question during the alleged term of the contract. Such examination should be granted only if the contract relied on creates an exclusive agency, which exclusiveness should be alleged in the complaint. Since that is not the theory of plaintiff's cause of action, it may not be supplied by way of affidavit for the purpose of obtaining an examination before trial. Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ., concur.

IDA BERGER, Appellant, v. MANUFACTURERS TRUST COMPANY, Respondent, and Another, Defendant.— Appeal discontinued on consent, without costs. Present — Hagarty, Carswell, Scudder, Tompkins and Davis, JJ.