In the Matter of the Estate of HENRY GRUBE, Deceased.

Surrogate's Court, Kings County, October 13, 1936.

*Maxwell Rubin,* attorney *pro se* for the petitioner, assignee of certain contingent interest in the estate of Henry Grube, deceased.

*Moss, Marcus & Wels* [*Isidore Wels* of counsel], for Francis E. Laimbeer, removed trustee, and executor of Henry Grube, deceased.

*Walter Jeffries Carlin,* for the Lafayette National Bank, substitute trustee.

*Lorenz & Lorenz,* for Lulu May Clark, life tenant.

*Benson R. Frost,* for Henry C. Grube, son of predeceased brother of decedent.

WINGATE, S. This is an application to vacate five decrees on trustees' accountings on grounds of legal and actual fraud. Facts are alleged, many of which are substantially uncontroverted, which would, if they had been disclosed in at least some of the accounting proceedings, have resulted in adjudications materially differing from those actually made.

The arguments in opposition to the relief sought, in so far as they are not in the nature of *tu quoque* declarations, are predicated largely on the alleged absence of status of the applicant for the relief. This status is based on two purported assignments from persons who, at the time of their making, were presumptively entitled to remainder interests in the trust erected by the will.

This trust is measured by the life of testator's niece, Lulu May Clark, with the income thereof, to the extent of $9,000 annually,

payable to her, and the balance thereof, to testator's two brothers, Herman and Andrew, in equal shares. The remainder, on the death of the life beneficiary, is to be divided " equally between my two brothers above named or their heirs." Andrew predeceased the testator, wherefore his benefits passed to his children, Edith Grube Herrington and Henry C. Grube, by the operation of section 29 of the Decedent Estate Law.

By instrument executed on May 28, 1925, and recorded in this office on the following July twenty-first, Herman, the surviving brother, purported to assign his remainder interest to the extent of $8,000 and also fifty per cent of all accrued income and fifty per cent of all income subsequently accruing. By instrument dated on July 16, 1925, and recorded on the same date as its predecessor, Edith G. Herrington purported to assign her remainder interest to the extent of $3,773.61 and fifty per cent of all accrued income and to appoint the assignees her attorneys in fact to receive future income and apply it for her use.

The rights under these assignments are now vested in the present petitioner, whose position is that the trustees appropriated to their own use assets of the estate aggregating considerable sums, which not only resulted in substantial diversions of the principal funds but produced as a natural consequence a diminution of the income received therefrom.

On the entire record, the conclusion is inescapable that the trustees were guilty of serious irregularities in their dealings with the funds of the estate. Indeed, it is undenied that without any testamentary or other authorization funds of the estate, both principal and income, were carried and dealt with in the individual names of the trustees, which is not only in itself a most serious breach of trust, but is a criminal offense. (Surr. Ct. Act, § 231; *Matter of Early*, 112 Misc. 54, 60; affd., 195 App. Div. 889; *Matter of Gerken*, 142 Misc. 271, 273; *Matter of Harbeck*, Id. 57, 65, 66; *Matter of Gauthier*, 143 id. 788, 790.) It was by reason of such a demonstration that the surviving trustee was removed from office.

It is no answer to the present application to aver that none of the direct testamentary beneficiaries have joined the applicant in his present prayer for relief or that his ultimate rights to portions of the principal are or may be contingent and to some extent even now at an end by reason of the death of one of the assignors. Both purported to assign, as was their unquestionable right (*Matter of Goldman*, 142 Misc. 790, 793; *Matter of Lynch*, 151 id. 549, 551, 552), fifty per cent of all accrued income to which they were then respectively entitled. If the contentions of the applicant be well founded, it is readily conceivable that the fiduciaries were properly

chargeable with income or its equivalent, in excess of that for which they accounted, and which they actually paid.

In a situation like the present in which it has been demonstrated that the fiduciaries were guilty of egregious malfeasance in office, and submitted untruthful statements of their transactions in connection with the affairs of the estate, the court will not be especially alert in assaying the damages sustained by a party in interest who is seeking to have all of the pertinent covert acts exposed to the light of day, to minimize his actual loss. So long as a demonstration be made in such a case that potential prejudice is present, it will deem the showing adequate to warrant the exercise of its discretionary power to vacate a decree for demonstrated fraud. (*Matter of Dunne,* 138 Misc. 840, 843; *Matter of Eisenlohr,* 153 id. 130.) The conduct of the fiduciaries of this court should be above suspicion, and, in the interest of the general good, this court will co-operate to the fullest extent with any interested party, no matter what the size or nature of his interest, to enforce conformity to this standard.

The foregoing observations are directly applicable to the first four decrees which, in whole or in part, cover the transactions of the trustees prior to the dates of the assignments. The fifth and last is, however, intimately connected with its predecessors, and the fraud infecting them must be deemed to taint it, also, particularly since the applicant possesses some tangible interest in the corpus of the fund even though, as contended, this be construed as no more than one vested subject to possible future divestment.

The application is accordingly granted, with costs payable by the respondent removed trustee personally.

Enter order on notice in conformity herewith.