Charles B. Brasser, J.
The infant, Donna Glogowski, sustained injuries to her head when she was a passenger in her father’s car which was involved in an accident on June 4, 1955. Subsequent examinations by Dr. Frank Smith and Dr. Richard J. *97 Brzustowicz disclosed that, the infant’s present condition is due to mental retardation and is unrelated to the accident in question. A gross offer of settlement of $1,850 in liquidation of the causes of action of the infant and the derivative action of her father has been made. The damage to the father’s car was approximately $90 and there was a conservative medical expense incurred by the parents. The guardian ad litem has declined to accept the offer of compromise and unreasonably insists that the trial of the action be deferred until the infant is 21 years of age.
Under all the circumstances and in view of the report of the doctors aforesaid this court is of the opinion that the refusal of the guardian ad litem to consent to the settlement is unreasonable and arbitrary.
The functions of a guardian ad litem appointed to protect the interests of an infant are purely ministerial, and not judicial or quasi-judicial, and he should submit to the court for its consideration every question involving the right of the infant affected by the suit (Quinones v. Quinones, 57 N. Y. S. 2d 371; Rules Civ. Prac., rule 42).
The rights of an infant cannot be lost through negligence, mistake or inadvertence of the infant’s guardian ad litem.
In the case of personal injury, an infant always remains a ward of the court until the cause of action is tried, adjusted or compromised, as may be permitted by the court (Wannemacher v. Tynan, 144 N. Y. S. 2d 2).
Rule 42 (supra) was not designed to confer upon the guardian ad litem a power of veto over proposed compromise settlements of infants ’ causes of action nor to permit the guardian ad litem to frustrate a proposed compromise of such action where to do so would virtually amount to a partial surrender of the court’s jurisdiction to such guardian (Lee v. Gucker, 16 Misc 2d 346; Rules Civ. Prac., rules 241, 294; Civ. Prac. Act, § 64).
Upon all the facts submitted to the court, the court directs that the action be compromised in the sum of $1,850 offered by the defendant. Out of such sum the father may be reimbursed for the damage to his automobile and for the amount expended or owing for medical expenses incurred on behalf of the infant. The balance of the recovery may be deposited in joint account in a savings bank pursuant to the provisions of the statute in such case made and provided,
Submit order.