■ In the Matter of the Estate of CHARLES F. MARONEY, Deceased. JOSEPH V. MARONEY, Appellant; TIMOTHY J. BREEN et al., as Trustees, Respondents.— Decree unanimously reversed on the law, without costs of this appeal to any party, and matter remitted to Erie County Surrogate's Court for further proceedings in accordance with the memorandum. Memorandum: In

a proceeding for judicial settlement of the accounts of trustees under decedent's will in which no citation was served on infant children of a deceased beneficiary and in which no account was filed and no construction of the will was sought, the Surrogate rendered a decree which adjudged that the construction and effect of decedent's will is that the remainder of the trust property held for Marie H. Kubiak deceased should be distributed to her two descendants Linda Marie Kubiak and Allen Michael Kubiak. The decree recites that certain attorneys appeared for James R. Kubiak as administrator of Marie H. Kubiak, deceased, and as the father and natural guardian of Linda Marie Kubiak and Allen Michael Kubiak. The Surrogate lacked jurisdiction of such children. On this appeal a brief by the same attorneys purports to be filed for respondent James R. Kubiak as guardian for Allen and Linda Kubiak. The infants were not properly represented in the court below and are not properly represented on this appeal. Jurisdiction of infants in a proceeding in Surrogate's Court may be obtained only by compliance with section 41 of the Surrogate's Court Act which provides that the Surrogate shall have jurisdiction of parties who have been duly cited. Although competent persons of full age may submit to the jurisdiction of the Surrogate's Court by waiver of citation, or by appearance, jurisdiction of an infant may be obtained only by service of a citation upon him. "This phrase 'person of full age' in subdivision 3 of section 41 of the Surrogate's Court Act restricts to adults the cases in which jurisdiction of their person can be had either by waiver, or by any form of appearance." (*Matter of Hansen*, 155 Misc. 712, 715.) Even if the infants had been named as parties to the proceeding and had been served with a citation, their father would have had no authority to appear for them. Only a general guardian, which their father was not, could so appear, and even then the Surrogate would be required to appoint a special guardian for them if any ground existed to suppose that his interest might be adverse to the infants, which it appears to be in this case (Surrogate's Ct. Act, § 64). "Section 64 of the Surrogate's Court Act mandatorially prescribes the appointment of a special guardian for every party to a proceeding * * * who is not *sui juris* and not otherwise represented. In the absence of such appointment the infant * * * in question is deemed not before the court, and any decree made is void as to him." (*Matter of Jaffe*, 165 Misc. 407, 408; *Matter of Weed*, 107 Misc. 595, 598.) In further proceedings petitioners should be permitted to amend the petition naming the infants as parties and complying with section 145 of the Surrogate's Court Act. (Appeal by Joseph V. Maroney, as distributee, from a decree of Erie Surrogate's Court construing the last will and testament of Charles F. Maroney.) Present — Bastow, J. P., Goldman, Henry and Noonan, JJ.