Murray T. Feiden, J.
This is an application by the attorney for the plaintiffs to approve an offer of settlement in the sum of $5,000.
The action is one for damages for personal injuries sustained by the infant plaintiff and for medical expenses and loss of services by the guardian ad litem. The infant plaintiff was *722 struck by an automobile on or about October 13, 1958 while crossing between intersections. At the time of the accident the infant was nine years of age.
The attorney states that he has interviewed the witnesses whose names were furnished to him by the parents of the infant and that none of these witnesses can help establish a prima facie case. All these witnesses state that the infant ran from between parked cars into the pathway of the automobile. The medical reports, including one from Dr. David Impastato, dated November 11, 1963, a doctor of the parents’ own choice, show that the infant has made a!complete recovery with a minimal disfigurement of the right ear. In view of the foregoing, it was the considered opinion of plaintiffs’ attorney, an experienced attorney in matters of this type, that it would be for the best interests of the infant plaintiff to accept the offer of compromise.
The court has held several conferences with all concerned and an extensive hearing was held, at which the parents were present. After carefully reviewing and evaluating all the facts and circumstances herein, this court wholeheartedly agrees with the attorney for the infant plaintiff that the best interests of the infant would be served by acceptance of what this court considers a generous offer. If the court would permit this case to go to trial on the evidence presently available plaintiffs would not be able to present a prima facie case, with the result that the action would be dismissed without the case going to the jury. Even if the¡ infant prevailed on the issue of liability, it is extremely doubtful whether a verdict in excess of $5,000 could be had or sustained. It is most likely that a verdict, if any were obtained, would be less than the offer.
The guardian ad litem and the mother of the infant plaintiff have refused to accept the advice of their attorney and the court herein and the advice of other attorneys whom she consulted in an effort to substitute a new attorney for her present one. The mother lias gone so far as to state to the attorney that she does not care if the case is lost. The court’s request for a further conference on March 10, 1964 has been disregarded by the parents.
The court is convinced that the parents’ refusal to consent to the compromise or to co-operate herein is unreasonable, arbitrary and capricious and can only result in prejudice to the rights of the infant plaintiff.
The functions of a guardian ad litem appointed to protect the interests of an infant are purely ministerial and not judicial or quasi-judicial and he should submit to the court for its consideration every question involving the rights of the infant *723 (Glogowski v. Rapson, 20 Misc 2d 96, 97; Quinones v. Quinones, 57 N. Y. S. 2d 371). The guardian ad litem is an officer of the court with powers and duties strictly limited by law and he may act only in accordance with the instructions of the court and within the law under which appointed. (Lee v. Gucker, 16 Misc 2d 346; Honadle v. Stafford, 265 N. Y. 354.) In the case of a personal injury an infant always remains a ward of the court until the cause of action is finally disposed of (Glogowski v. Rapson, supra; Wannemacher v. Tynan, 144 N. Y. S. 2d 2). It never was the intention to confer upon the guardian ad litem a power of veto for all proposed settlements which are fair and reasonable nor to permit the guardian ad litem to frustrate a proposed settlement where to do so would virtually amount to a partial surrender of the court’s jurisdiction to such guardian. (Glogowski v. Rapson, supra; Lee v. Gucker, supra.) The rights of an infant cannot and should not be lost through the obdurate, unreasonable and uninformed conduct and opinion of the guardian ad litem.
Upon all the facts brought out on the hearing, the court directs that the action be compromised in the sum of $5,000; that out of such sum the father be reimbursed for the amounts expended or owing for medical or hospital expenses or other legitimate expenses incurred on behalf of the infant plaintiff and that the balance be deposited in a joint account in a savings bank, subject to the further order of the court pursuant to the provisions of the statutes in such cases made and provided. Provision should also be made for the attorney to deposit the balance due to the infant in a savings account in the event that the parents refuse to deposit such check.
The attorney is directed to submit to the court all the necessary papers, in conformity with 1208 of the Civil Practice Law and Eules, to effectuate settlement. Notice of settlement of the order attached to said papers shall be given to the guardian ad litem.