■ In the Matter of the Estate of MANICE DeFOREST LOCK-WOOD, Deceased. THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK et al., Respondents; JULIA P. LOCK-WOOD, Appellant. ALFRED F. SICA, as Former Guardian ad Litem, Appellant, et al., Respondent. [766 NYS2d 423] —Order, Surrogate's Court (Renee Roth, S.), entered on or about January 18, 2001, which, in a proceeding for judicial settlement of a final account, insofar as appealed from, sua sponte removed appellant Sica as guardian ad litem for respondent infants, unanimously affirmed, without costs. Decree, same court and Surrogate, entered on or about December 12, 2001, insofar as appealed from, awarding appellant Sica $10,000 as compensation for his services as guardian ad litem and approving a settlement between respondent infants and respondent charities, unanimously affirmed as to the fee award, and the appeal therefrom otherwise unanimously dismissed, all without costs.

The Surrogate properly removed appellant as guardian ad litem based upon a finding, amply supported by the record, that his "beclouded view of the facts" and other derelictions were jeopardizing the infants' interests (*see Matter of Ford*, 79 AD2d 403, 406 [1981]; *De Forte v Liggett & Myers Tobacco Co.*, 42 Misc 2d 721, 723 [1964]). Neither notice nor a hearing was required since the removal was done by the Surrogate sua sponte (*cf. Matter of Brown*, 157 AD2d 978 [1990]; *Mullins v Saul*, 130 AD2d 634 [1987]), and not at the request of a party (*e.g. Matter of Ford, supra*). In view of appellant's failure to provide adequate time records, and the time he spent on matters that did nothing to advance the infants' interests, it cannot be said the award for his services was unreasonable (*cf. Matter of Burk*, 6 AD2d 429 [1958]; *Matter of Slade*, 99 AD2d 668 [1984]).

Appellant Lockwood, the decedent's widow, lacks standing to appeal the decree's approval of the settlement. Although she was cited and received process on the infants' behalf (*see* SCPA 307 [4]), she is not a judicially appointed guardian, and therefore cannot appear on their behalf (*see* SCPA 103 [40]; 401, 402; *Matter of Maroney*, 20 AD2d 678 [1964]). Nor does she herself have any interest in the trust remainder, the subject of the settlement (*see Matter of Richmond County Socy. for Prevention of Cruelty to Children*, 11 AD2d 236, 239, *affd* 9 NY2d 913 [1961], *appeal dismissed and cert denied* 368 US 290 [1961]; *Isham v New York Assn. for Improving Condition of Poor*, 177 NY 218 [1904]). In any event, were we to review, we would find that the guardian ad litem has sole authority to represent the infants and negotiate a binding settlement on their behalf, that appellant's consent to the settlement is not required, and that absent a showing of fraud, not made here, the settlement should not be set aside (*see* SCPA 406; *see Matter of Shubert*, 110 Misc 2d 635, 644-645 [1981]). Concur—Andrias, J.P., Saxe, Williams and Friedman, JJ.