Matter of Colello (2018 NY Slip Op 08773)





Matter of Colello


2018 NY Slip Op 08773


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


964 CA 17-01503

[*1]APPOINTMENT OF A GUARDIAN FOR EUGENE DAVID COLELLO, PURSUANT TO SCPA ARTICLE 17-A.
MICHELLE A. COLELLO, PETITIONER-RESPONDENT, v
EUGENE G. COLELLO, RESPONDENT-APPELLANT. (APPEAL NO. 3.)
- LISA J. ALLEN, ESQ. AND STANLEY J. COLLESANO, ESQ., RESPONDENTS. 






STANLEY J. COLLESANO, LLC, BUFFALO (SEAN A. FITZGERALD OF COUNSEL), FOR RESPONDENT STANLEY J. COLLESANO, ESQ. 


 Appeal from an order of the Surrogate's Court, Erie County (Barbara Howe, S.), entered March 21, 2017. The order, among other things, denied that part of respondent Eugene G. Colello's motion seeking leave to reargue, granted that part of the motion seeking leave to renew, and upon renewal, adhered to a prior decision. 
It is hereby ORDERED that said appeal from the order insofar as it denied leave to reargue is unanimously dismissed and the order is affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to article 17-A of the Surrogate's Court Procedure Act seeking to be appointed the guardian of the person of her son, an adult with a developmental disability. Surrogate's Court appointed petitioner to be the temporary guardian of the person of the son, and thereafter Eugene G. Colello (respondent), who is petitioner's ex-husband and the father of her son, filed a cross petition seeking revocation of the temporary letters of guardianship issued to petitioner and appointment of respondent as the guardian of the son's person. The Surrogate then appointed respondent Stanley J. Collesano, Esq. guardian ad litem (GAL) for the son.
After Collesano completed an investigation and submitted a report recommending the appointment of petitioner as sole guardian of the person of the son, respondent moved for, inter alia, an order disqualifying petitioner's attorney, respondent Lisa J. Allen, Esq., from representing petitioner in the guardianship proceeding on the ground that Allen had a conflict arising from her prior representation of respondent, and disqualifying Collesano as GAL on the grounds of bias against respondent, neglect of duty, and professional misconduct. The Surrogate denied the motion. Respondent then moved for leave to renew and reargue his motion. The Surrogate denied that part of the motion seeking leave to reargue and granted that part seeking leave to renew, but nevertheless adhered to the prior determination. At the outset, we note that no appeal lies from an order denying a motion seeking leave to reargue, and thus that part of respondent's appeal must be dismissed (see Empire Ins. Co. v Food City, 167 AD2d 983, 984 [4th Dept 1990]).
We conclude that the Surrogate properly denied the renewed motion. Although the Surrogate's discretion to remove a GAL after he or she is appointed is not unfettered, the Surrogate has the inherent power to remove a court-appointed GAL "for just cause or where the interests [of the ward] will otherwise be promoted" (Matter of Ford, 79 AD2d 403, 406 [1st Dept [*2]1981]). Where, as here, the GAL has made a thorough and fair report of the information obtained through his or her investigation (see id. at 408), has demonstrated an accurate and unbiased understanding of the material facts of the proceeding (cf. Matter of Lockwood, 309 AD2d 708, 709 [1st Dept 2003], lv denied 2 NY3d 708 [2004]), and has not acted contrary to his or her ward's best interests (see Dicupe v City of New York, 124 AD2d 542, 543-544 [2d Dept 1986]), removal is not warranted. Respondent's allegations that Collesano engaged in unethical conduct, bias, and incompetent representation of the son are unsupported and belied by the record. We reject respondent's contention that Collesano knowingly and intentionally misrepresented to the Surrogate the facts concerning a brief encounter between respondent and Collesano that took place in 1996, or that he harbored bias against respondent based on that encounter. Contrary to respondent's contention, Collesano's recommendation that petitioner be appointed the sole guardian of the person of the son is amply supported by his investigative findings and analysis, and also by the son's own expressed preference. Thus, we conclude that the court did not err in denying that part of respondent's motion seeking to disqualify Collesano from his appointment as GAL.
With respect to that part of the motion seeking to disqualify Allen from representing petitioner, we note that it is of particular concern to the courts that "motions to disqualify are frequently used as an offensive tactic, inflicting hardship on the current client and delay upon the courts by forcing disqualification even though the client's attorney is ignorant of any confidences of the prior client. Such motions result in a loss of time and money, even if they are eventually denied. [The Court of Appeals] and others have expressed concern that such disqualification motions may be used frivolously as a litigation tactic when there is no real concern that a confidence has been abused" (Solow v Grace & Co., 83 NY2d 303, 310 [1994]; see Matter of Peters, 124 AD3d 1266, 1267-1268 [4th Dept 2015]).
Respondent, as the party moving to disqualify petitioner's attorney, had the "burden of making a clear showing that disqualification is warranted' " (Lake v Kaleida Health, 60 AD3d 1469, 1470 [4th Dept 2009]; see Olmoz v Town of Fishkill, 258 AD2d 447, 447-448 [2d Dept 1999]), by establishing: "(1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse" (Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131 [1996], rearg denied 89 NY2d 917 [1996]; see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.9 [a]; see also NYAHSA Servs., Inc. v People Care Inc., 156 AD3d 1205, 1206 [3d Dept 2017]). Here, there is no dispute that Allen's former law firm represented respondent regarding an application for federal social security benefits for the son and that respondent and petitioner are adversaries in this guardianship proceeding. Thus, to satisfy his burden, respondent "had to establish that the issues in the present litigation are identical to or essentially the same as those in the prior representation or that [Allen] received specific, confidential information substantially related to the present litigation" (Sgromo v St. Joseph's Hosp. Health Ctr., 245 AD2d 1096, 1097 [4th Dept 1997]). We conclude that respondent failed to meet his burden.
A Surrogate's Court Procedure Act article 17-A guardianship proceeding does not substantially involve or depend on the financial circumstances of the parties, and the social security benefits application that was the subject of Allen's former law firm's representation of respondent is not implicated in this guardianship proceeding. Furthermore, the information that respondent alleged to have entrusted to Allen in connection with the prior representation was not confidential in nature and, as temporary guardian and mother of the son, petitioner would be entitled to access information concerning the son's benefits. Thus, we conclude that the court did not abuse its discretion in denying that part of respondent's motion seeking to disqualify Allen (see Bison Plumbing City v Benderson, 281 AD2d 955, 955 [4th Dept 2001]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court