NILES POST NO. 2074 OF VETERANS OF FOREIGN WARS OF THE UNITED STATES, APPELLEE, *v.* NILES MEMORIAL HOSPITAL ASSN., APPELLANT.

(Decided January 6, 1936.)

*Mr. J. W. Cannon,* for appellee.

*Mr. W. F. MacQueen* and *Mr. W. W. Pierson,* for appellant.

*Mr. Paul E. Kightlinger,* for William McKinley Post No. 106 of The American Legion.

*Mr. Leroy Marceau,* for Leonard Holloway Post of the Army and Navy Union.

CARTER, J. This cause is in this court on appeal by

the Niles Memorial Hospital Association, the appellant, one of the defendants in the original case. Inasmuch as any finding at variance with that of the lower court would involve and affect all parties to the action, we therefore hold that the entire case is before this court for consideration and determination.

The action was instituted in the lower court by Niles Post No. 2074 of the Veterans of Foreign Wars of the United States and arises out of the following facts: During the year 1918 written subscriptions were solicited throughout the city of Niles and Weathersfield township for donations to the Niles War Relief Board. The subscription form used in raising the fund was as follows:

''I hereby subscribe and agree to pay to the Niles War Chest Fund an amount equal to three days work, and authorize my employer to deduct from my pay as follows: One day's pay out of my last pay in June, one day's pay out of my last pay in September, and one day's pay out of my last pay in November, and pay same to R. L. McCorkle, treasurer of the Niles War Relief Board, this being my contribution to war relief work for a period of one year ending May 1, 1919. This war chest fund to provide Niles and Weathersfield township quotas to all war relief funds for the year ending May 1, 1919. The Niles War Relief Board will have charge of the distribution of the war chest fund. This fund is to be used only for strictly war relief purposes. The beneficiaries are the Red Cross war relief, Y. M. C. A. war relief, K. of C. war relief, Salvation Army war relief, Y. M. H. A. war relief and any other legitimate war relief work.''

The evidence discloses that at the close of the World War in the latter part of 1918, there remained unexpended in the hands of this board about $64,000. On February 15, 1924, William McKinley Post No. 106 of Niles, Ohio, filed its action in case No. 20532 in Trumbull county Common Pleas Court praying for a judicial

construction of the charitable trust in a manner consistent with the original purposes of the donors, joining the board of trustees as parties defendant.

The evidence further discloses that as a result of this action a compromise agreement, without trial upon the merits and law of the case, was entered into and the court entered its order on February 25, 1925, wherein it held that the original purpose of the fund had failed and that the balance of the fund should be expended for some purpose nearest to the purpose for which the fund was originally raised. Whereupon 50 per cent of the fund was ordered paid to the legion post and 50 per cent to the Niles Memorial Hospital Association. The grant to the hospital association was conditioned upon the execution of a trust agreement between the association and the Niles Trust Company providing in substance that the fund should be invested in government securities and the income therefrom added to the principal until such time as a hospital of modern construction of at least 25-bed capacity should have been erected. Thereafter the trustee bank was to pay the income from the accumulated fund for general maintenance purposes semi-annually to the hospital association, thereby creating a public trust, the income only being available for maintenance purposes of a modern hospital of at least 25-bed capacity, the hospital to be for the use and benefit of the general public. It is this fund which was allocated to the Niles Memorial Hospital Association that is in question in this case, that portion allotted to the American Legion not being involved.

On October 31, 1931, the plaintiff filed its petition herein praying that the court set aside and vacate the hospital trust created and that the trust fund now held by the Union Savings & Trust Company of Warren, Ohio, present trustee of the fund, be turned over to the plaintiff for the uses and benefits of ex-service men of the World War of the city of Niles and Weathersfield

township. The following defendants filed pleadings in the trial court: Niles Memorial Hospital Association answered admitting the creation of the trust for its general public hospital, denying all other allegations of the petition and alleging that there is a possibility and probability of the erection of a hospital and that the purposes of the association have not wholly failed or been neglected. I. J. Fulton, superintendent of banks in charge of the Niles Trust Company, admitted that the trust company had received $34,926.17 in trust for the hospital association and that such sum had increased to $43,358.54 as of September 1, 1931, and prayed that the trust company's rights be protected by the court. For the Niles Trust Company the superintendent filed his motion with accounting attached requesting that the bank be discharged as trustee and its account approved. The court approved the resignation and accounting. On December 1, 1933, the Union Savings & Trust Company was appointed successor trustee and a trust agreement entered into between the association and the Union Savings & Trust Company, trustee, consistent with the court's order of 1925. Intervening petitions were filed by Adolph Frazier, John Craks and J. W. Westmoreland, on behalf of themselves and other residents of Niles city and Weathersfield township who served in the military and naval forces of the United States, the allegations of their intervening petitions being substantially the same as those of plaintiff, praying the court to carry out the intention of the original donors. An intervening petition was also filed by Wilson Manufacturing Company, Jacob Waddell and F. J. Thomas alleging that they were original donors; that the plaintiff is not an organization composed exclusively of those who participated in the World War; that this organization is not in a position to administer the fund for war relief purposes; and that the purpose for which the funds were awarded to the Niles Memorial Hospital

Association has not failed nor is its object impossible of fulfillment. By way of cross-petition they allege that if the court should find that the hospital trust has failed and is impossible of fulfillment, then, and in that event, the fund should revert to the original donors, their prayer being on behalf of themselves as donors and all other donors.

By leave of court William McKinley Post No. 106 of American Legion was joined as party to the proceeding and filed its intervening petition denying the allegations of plaintiff's petition, denying the allegations of the answer of the Niles Memorial Hospital Association, denying the allegations of the intervening petitions of Wilson Manufacturing Company and others, and the intervening petition of Adolph Frazier and others, and averring that William McKinley Post No. 106 was formed in 1919 for purpose of service to all veterans of the World War, that its aims and accomplishments are consistent with the intention of the original donors and as such the legion is best fitted and equipped to accept and administer the fund in the service and benefit of all the World War men and women residing in the city of Niles and Weathersfield township. In its reply the legion avers that the order of 1925 was illegal and void, being in violation of the *cy pres* doctrine insofar as the compromise diversion of one-half of the fund for general public hospital purposes was concerned. The Union Savings & Trust Company was substituted for defendant, the Niles Trust Company, and filed its answer alleging that in 1933 it was appointed in cause No. 2832 as trustee for the fund and securities of the Niles Memorial Hospital Association and that on November 15, 1935, it held under an agreement of trust drawn in pursuance of the order of 1925 bonds and notes of the United States and of the city of Niles, having a principal par value of $4,250 and cash in the sum of $474.15. Also during the progress of the trial below numerous answers and

replies were filed, the general effect of which was to join the issues raised by any and all of the pleadings as to all parties. One of these cross-petitioners was the Leonard Holloway Post of the Army and Navy Union of the United States, which sought at least a portion of these funds. The question presented to this court for consideration and determination is what different disposition, if any, should be made of the fund in question, which was by the decree of the court in 1925 allocated to the Niles Memorial Hospital Association, and now approximates $50,000.

The lower court, after making provision for the payment of costs and attorneys fees, made the following disposition thereof: To William McKinley Post No. 106 of American Legion, Niles, $6,400; to Niles Post No. 2074, plaintiff, $3,600, the remainder of the fund to the Union Savings & Trust Company, Warren, Ohio, in trust to disburse principal and interest whenever it is certified to it by the members of the Soldiers Relief Commission of Trumbull county, Ohio. In the decree of the court in 1925 the following is found therein: 50 per cent of the fund to be allocated to the Niles Trust Company to be held in trust for the benefit of the Niles Memorial Hospital Association upon the execution by the Niles Trust Company of a trust agreement with the hospital association providing in substance that the fund would be invested by the Niles Trust Company in government securities and the income therefrom added to the principal until such time as a hospital of modern construction of at least 25-bed capacity should be erected. Upon the happening of such event the trustee should thereafter pay semi-annually to the proper authorities of Niles Memorial Hospital Association the income from the accumulated fund. It is apparent that the original gift by the various donors created a charitable trust and that the court in its decree in 1925 established a charitable trust.

It is urged that *res judicata* applies, due to the decree of the court in 1925, that no error or appeal was prosecuted from that decree and therefore that that order and decree cannot now be disturbed in this court. In this we cannot concur. Courts exercise continuing jurisdiction over charitable trusts to safeguard, supervise and control same. No citation of authorities is necessary to sustain this proposition. Assuming that the decree of the court in 1925 wherein it allocated this fund to the Niles Memorial Hospital Association was a proper distribution of the same we are then confronted with the question as to whether this particular trust has failed, and if so what other disposition should be made of these funds at this time.

Eleven years have elapsed since the order of 1925 and no substantial steps have been taken by that association to erect a hospital and from the weight of the evidence in this case it appears that such construction is not deemed advisable, due to the hospital facilities surrounding and in close proximity to Niles. If aid is to be given to participants in the World War such should be available while they are living and in need of the same. From the evidence in this case we are satisfied that the trust created on behalf and in favor of the hospital association has failed and that other disposition should be made of this trust fund in conformity to the intention of the donors, to wit, for war relief purposes. How is this purpose to be best accomplished? And is it necessary to resort to the *cy pres* doctrine in making disposition of the same? We believe that in view of the provisions found in the written form of subscription the original purpose of the donors can be carried out. Certainly caring for needy veterans and their dependents following the cessation of hostilities is included in the purpose clause of these subscribers and need not be limited to the time of actual hostilities only. The *cy pres* doctrine can be invoked only when the first object of the trust has

failed. However, assuming that we are in error in so holding, in what way could the *cy pres* doctrine be better applied than by the application of this fund for the relief of needy participants in the World War residing in Niles and Weathersfield township. If the original purpose has failed and these donations were made for war relief purposes during hostilities only, then and in that event the nearest akin purpose to which the same could be applied under the *cy pres* doctrine is for the relief of the needy participants in the World War and their dependents. How can this purpose be carried out to the best advantage of all such concerned in the distribution thereof? We find many in this case seeking these funds and due to the various contentions involved the court believes that these ends can be best obtained in the following manner and it is so ordered: That a trustee or trustees be appointed for the purpose of the administration of the funds now in the hands of the Union Savings & Trust Company and the accumulations thereof, that this fund be held and administered by such trustee or trustees in trust for the following purposes: That this fund and the earnings therefrom be expended for the benefit of those citizens of Niles and Weathersfield township who were participants in the military or naval services of the United States during the World War and those who may now be or may become the dependents of such persons; that the principal shall be invested in such ways as may be authorized for the investment of trust funds under the laws of Ohio; that the earnings thereof may be expended for trust purposes at the discretion of the trustees, the principal to be expended for such trust purposes only after so ordered by the Court of Common Pleas; and that such trustee or trustees execute such bond and make such reports and receive such compensation as may be determined by the Court of Common Pleas of Trumbull county. It would be proper for this court to

appoint such trustee or trustees and execute the trust. However, it is equally proper to remand the case to the Common Pleas Court for execution and that the Common Pleas Court should designate the trustee or trustees and exercise continuing jurisdiction thereover during the existence of the fund. It is further ordered that the various intervening petitions and cross-petitions be and the same are hereby dismissed, the costs to be paid by the trustees of the fund in question. A decree may be drawn accordingly.

*Decree accordingly.*

ROBERTS, P. J., and NICHOLS, J., concur.