In the Matter of LUCIENNE WUILLAMEY, an Alleged Incompetent Person. LUCIENNE WUILLAMEY et al., Appellants; ALBERT A. RAPPORT, Respondent.

Third Department, December 30, 1958.

*Carl Blank* for appellants.

*Paul Amerling* for respondent.

BERGAN, J. The petitioner, a lawyer in Hudson who has been the personal attorney for Lucienne Wuillamey and has a general power of attorney in respect of her property, presented an application to the County Court of Columbia County for the appointment of a committee for her property in pursuance of article 81 of the Civil Practice Act.

The petition alleges that Mrs. Wuillamey is a resident of Columbia County, is 78 years old and " that she is incompetent to manage her affairs in consequence of old age and loss of memory and understanding ".

The application is supported by an affidavit of a woman who for some years had been a close personal friend of the alleged incompetent and with whom she had lived for a short period, showing facts tending to suggest incompetency and criticizing as being uninterested in Mrs. Wuillamey's welfare, or interested only in her money, some of her relatives.

An order was granted addressed to Mrs. Wuillamey and to some of her relatives, to show cause why the question of her competency should not be tried before a jury. The alleged incompetent, who swears she was moved from Columbia County and lives at South Ozone Park, and all the relatives reached by the order — a sister, a stepson, a stepdaughter, and a cousin,

vigorously oppose the application and deny Mrs. Wuillamey's incompetency.

Her personal physician certifies that she is in " good physical condition " and " takes complete care of herself ". Another physician certifies she is " fully capable of tending to herself ". The affidavits of her relatives and her own affidavit attack the institution of the proceeding and the motives behind it.

It is also shown in opposition to the petition, that while the controversy was developing, but before the actual institution of this proceeding, Mrs. Wuillamey had executed a trust instrument called an " assignment " and made her cousin Marguerite Benajam trustee of all her property, to be used during her lifetime for her maintenance; the residue on her death to be paid over to her two stepchildren who have been treated by her for many years as her own children.

On this record the County Court directed a trial by jury of the question of Mrs. Wuillamey's competency. We hold the County Court had jurisdiction, prima facie. Since the order to show cause instituting the proceeding gave opportunity to the respondents to oppose the application on the merits; and since they have filed affidavits denying the allegations of incompetency, the question whether it " presumptively appears " from the " petition and the proof accompanying it " that the case is one in which under article 81 a committee ought to be appointed (Civ. Prac. Act, § 1364) must be decided on the whole record, including the opposing papers.

Such a procedure was followed in *Matter of Schermerhorn* (277 App. Div. 845), where in the light of opposing affidavits, an order directing a trial of the question of competency was reversed and the petition dismissed. We think that when the full record before us is examined, a trial of the question of Mrs. Wuillamey's competency is not indicated.

Her relatives all oppose the inquiry which is suggested by people who are not related to her; and the petitioner, disavowing any interest, summarizes his position in his brief this way; "Without charging the respondent with being an incompetent person, the purpose of this proceeding was to have the facts presented to a duly constituted forum, for the purpose of passing on the fact. The petitioner has no interest in this matter except as indicated above."

If the trust instrument executed by Mrs. Wuillamey works out according to its expressed purposes, it would accomplish substantially everything that might be done by appointing a committee of the property; and, indeed, a relative would usually be appointed as committee.

We think, therefore, the petition should be dismissed; but we share just enough of the apprehensions of the County Judge about the future welfare of Mrs. Wuillamey to impose some protective conditions which we regard as salutory.

The trustee named in that instrument, Mrs. Benajam, has appeared as a party and is thus before the court in this proceeding. The same lawyer appears both for her and Mrs. Wuillamey. Mrs. Benajam did not accept the trust in writing as part of the trust instrument and her affidavit does not show a formal acceptance of its obligations.

The order directing a trial of the question of competency should be reversed on the law and the facts, and the petition dismissed, without costs on the following condition: that if the respondent Benajam accepts the trusteeship she shall associate herself with and make her proceedings as trustee subject to the advice and concurrence of a qualified bank or trust company. The attorney appearing for Mrs. Wuillamey and Mrs. Benajam should be directed to implement this condition; if the condition is not accepted and thus implemented, within 60 days of the entry of the order herein, the order of the County Court should be affirmed, without costs. The order should be settled.

FOSTER, P. J., GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Order directing a trial of the question of competency reversed, on the law and the facts, and the petition dismissed, without costs on the following condition: that if the respondent Benajam accepts the trusteeship she shall associate herself with and make her proceedings as trustee subject to the advice and concurrence of a qualified bank or trust company. The attorney appearing for Mrs. Wuillamey and Mrs. Benajam should be directed to implement this condition; if the condition is not accepted and thus implemented, within 60 days of the entry of the order herein, the order of the County Court is affirmed, without costs.

Settle order.