■ In the Matter of the Estate of LEON FORST. CHARLOTTE FORST, Respondent; ADELAIDE FOGEL et al., Appellants.—Order, Supreme Court, New York County, entered May 24, 1976, is unanimously modified, on the law, without costs and without disbursements, (a) to direct that the issues to

be submitted to the jury shall include the issue of whether there is a need for the appointment of a conservator in addition to the issue of whether the proposed conservatee by reason of advanced age, illness, etc., has suffered substantial impairment of his ability to care for his property or to provide for himself or others dependent upon him for support and (b) to provide that the restriction on payments out of the estate shall not prohibit the making of payments on income tax, interest on loans and alimony to the proposed conservatee's former wife if and to the extent that such payments are legally binding obligations of the proposed conservatee; and the order is otherwise affirmed. This is a proceeding under article 77 of the Mental Hygiene Law for the appointment of a conservator. Petitioner is the proposed conservatee's wife; respondents at Special Term (appellants here, hereinafter "appellants") are the conservatee's children by a former wife. The proposed conservatee is 94 years old and a resident of a nursing home. So far as service upon the proposed conservatee is concerned, the order to show cause and petition in this matter were served upon him during a two-week period while he was a patient at New York Infirmary suffering from pneumonia. Appellants contend that as he was a patient in the hospital at the time of service, the order should also have been served upon the "officer in charge of such hospital" under subdivision (a) of section 77.07 of the Mental Hygiene Law. But the statute makes clear that the term "hospital", as used in the Mental Hygiene Law, means an institution for the treatment of the mentally ill under an operating certificate issued by the Commissioner of Mental Health. (Mental Hygiene Law, § 1.05, subd 11.) The service was therefore good. The transcript of the hearing before the Special Term Justice indicates that the Special Term Justice intends to submit to the jury only the issue of whether the proposed conservatee, by reason of advanced age, illness, etc., has suffered substantial impairment of his ability to care for his property or to provide for himself or others dependent upon him for support. Appellants contend that there should also be submitted to the jury the issue of whether there is need for the appointment of a conservator, and that this is an additional issue. We agree with appellants. Section 77.01 of the Mental Hygiene Law provides: "The supreme court * * * if satisfied by clear and convincing proof of the need therefor, shall have the power to appoint one or more conservators of the property (a) for a resident who has not been judicially declared incompetent and who by reason of advanced age, illness, infirmity, mental weakness, intemperance, addiction to drugs, or other cause, has suffered substantial impairment of his ability to care for his property or has become unable to provide for himself or others dependent upon him for support". We think the fair meaning of this statute is that the fact that a proposed conservatee falls within subdivision "(a)" quoted above does not in and of itself determine that a conservator must be appointed; there must also be a need for the appointment. We note that the provision for issues to be tried by a jury is framed in terms of need. Subdivision (c) of section 77.07 of the Mental Hygiene Law provides: "If any party to the proceeding * * * raises issues of fact as to *the need for the appointment of a conservator* and demands a jury trial of such issues, the court shall order a trial by jury thereof." (Italics ours.) *Matter of Bailey* (46 AD2d 945) and *Matter of Emerson (Schein)* (73 Misc 2d 322) support our view on this point. Concur—Kupferman, J. P., Lupiano, Silverman and Lane, JJ.