# SECOND DEPARTMENT, FEBRUARY, 1982

## (February 5, 1982)

■ In the Matter of ALICE M. FORWARD, a Proposed Conservatee. JOSEPH F. KELLY, Respondent; ALICE M. FORWARD et al., Appellants. — In a special proceeding pursuant to article 77 of the Mental Hygiene Law, for the appointment of a conservator of the property of Alice M. Forward, Alice M. Forward, the proposed conservatee, and Kenneth C. Forward, Sara L. Borisch and Tina C. Gazley, her distributees, appeal from seven orders of the Supreme Court, Westchester County (Sirignano, J.), all dated December 21, 1981, which (1) ordered the proceeding set down for trial on January 4, 1982, (2) ordered that the proposed conservatee be made available to be interviewed by the guardian ad litem, (3) ordered that a temporary restraining order, entered October 21, 1981, be modified, and, as modified, continued, (4) denied their motion for discovery pursuant to CPLR 408, (5) dismissed their motion to disqualify petitioner's law firm from acting as counsel in the proceeding, (6) denied their motion to vacate the appointment of the guardian ad litem, and (7) denied their motion to strike the affidavit of the proposed conservatee's physician and to dismiss petitioner's application for insufficiency and lack of jurisdiction. Petition dismissed *sua sponte* (see CPLR 409, subd [b]), appeals dismissed as moot, and orders vacated, without costs or disbursements. In a proceeding under article 77 of the Mental Hygiene Law for the appointment of a conservator of the property, the petitioner must show by clear and convincing proof both that the proposed conservatee has suffered substantial impairment of his ability to care for his property and that there is a need for the appointment of a conservator. (*Matter of Forst,* 53 AD2d 842.) Here, it appears from the papers

that the proposed conservatee, an 88-year-old woman who resides with her family, has recently executed an irrevocable trust, with the Detroit Bank & Trust Company as the trustee and herself as the lifetime beneficiary, to provide for her medical and living expenses. Thus, even in the event that her ability to care for her property were found to be substantially impaired, as alleged, the trust would continue in force and the care of her property would be assured for the duration of her life. Under the circumstances, there is no need for the appointment of a conservator (see *Matter of Wuillamey,* 7 AD2d 130, mod on other grounds 8 AD2d 749), and, there being no triable issues of fact whose determination would alter the result, we therefore make this summary determination upon the pleadings and papers as provided by CPLR 409 (subd [b]). Titone, J. P., Mangano, Gibbons and Weinstein, JJ., concur.