■ In the Matter of the Appointment of a Conservator of HERMAN WAXMAN, Appellant. SADIE WAXMAN, Respondent. — In a special proceeding pursuant to article 77 of the Mental Hygiene Law for the appointment of a conservator of the property of Herman Waxman, the appeals are from (1) an order of the Supreme Court, Kings County (Leone, J.), dated December 21, 1982, which ordered the proceeding set down for trial on a date certain, and (2) a further order of the same court, also dated December 21, 1982, which directed that the proposed conservatee be examined by a court-appointed psychiatrist. Petition dismissed *sua sponte* (see CPLR 409, subd [b]), appeals dismissed as moot, and orders vacated, without costs or disbursements (see *Matter of Forward,* 86

AD2d 850). Appellant's application, brought by way of counterclaims, for an order directing petitioner and her attorney to restore all of his property and for an accounting, and for an order restraining petitioner, her daughter and their attorneys from interfering with his property, is severed from the proceeding and remitted to Special Term for further proceedings in accordance herewith. Pending disposition of appellant's application, petitioner, Sadie Waxman, her daughter, Elaine Trinkoff, their attorneys, and any other party or parties under their direction are restrained from transferring, disposing of or in any way dealing with property held by them which allegedly belongs to appellant. The appointment of a guardian ad litem, contained in the order to show cause dated December 3, 1982, is hereby vacated. Petitioner Sadie Waxman instituted this special proceeding in the Supreme Court, Kings County, pursuant to article 77 of the Mental Hygiene Law, for appointment of a conservator for the property of her husband Herman Waxman, the proposed conservatee. Appellant, the proposed conservatee, sought to dismiss the petition and raised certain counterclaims. In separate orders, Special Term set the proceeding down for trial and directed that the proposed conservatee be examined by a court-appointed psychiatrist. The proposed conservatee now appeals from those orders. In a proceeding under article 77 of the Mental Hygiene Law for the appointment of a conservator, the petitioner must show by clear and convincing proof (1) that the proposed conservatee has suffered substantial impairment of his ability to care for his property, and (2) that there is a need for the appointment of a conservator (*Matter of Forward, supra; Matter of Forst,* 53 AD2d 842). Here, the petitioner fails on both grounds. First, the petition states only conclusory allegations that appellant is confused and disoriented and no affidavits are annexed to the petition to this effect. The only support is a letter by appellant's former physician, which contains a hearsay statement that an unnamed psychiatrist found that appellant suffers from senile dementia. Conclusory allegations and hearsay statements, and especially expert testimony without personal knowledge of the mental capacity of the person involved, cannot, prima facie, support a proceeding for the appointment of a conservator (see *Matter of Zirt,* 25 AD2d 920; *Matter of Ginnel,* 43 NYS2d 232). Therefore, the petitioner's papers, on their face, fail to establish that appellant has suffered substantial impairment of his ability to care for his property. Furthermore, the petition was opposed by affidavits of appellant, his son, two psychiatrists, and a doctor of internal medicine, which, in substance, stated that appellant is well able to care for both himself and his property in his present living situation at a senior citizen hotel in Brooklyn, in spite of the fact that he is 85 years old, has various physical ailments, and short-term memory lapse. In *Matter of Bailey* (46 AD2d 945), the Appellate Division, Third Department, held that the fact that a proposed conservatee was 88 years old, confined to a hospital and was likely to be in need of continued confinement in an extended care facility was not sufficient proof to require the appointment of a conservator. In the case at bar, appellant's condition is not nearly as serious as that of the proposed conservatee in *Matter of Bailey* (*supra*). Therefore, the allegations regarding appellant's impairment do not demonstrate the need for the appointment of a conservator. Second, appellant has recently executed an irrevocable trust, with his attorney as trustee and himself as the lifetime beneficiary, to provide for his medical and living expenses. Therefore, even if the ability of appellant to care for his property should become substantially impaired, the trust would continue in force and the care of his property would be assured for the remainder of his life. Under these circumstances, there is no need for the appointment of a conservator (see *Matter of Forward, supra; Matter of Wuillamey,* 7 AD2d 130, mod on other grounds 8 AD2d 749). There being no triable issues of fact whose determina-

tion would alter the result, we therefore make this summary determination upon the pleadings and papers, as provided by CPLR 409 (subd [b]) (*Matter of Forward, supra*). In his affidavits, appellant has raised issues of fraud, duress, and unlawful withholding of his property by petitioner, Sadie Waxman (his wife), and her attorneys and seeks affirmative relief with regard to return of the property. Appellant's application, which was brought by way of counterclaims, should be severed and remitted to Special Term for further proceedings in accordance herewith. Finally, the order appointing a guardian ad litem is vacated in light of the dismissal of the petition. Damiani, J. P., Thompson, Bracken and Rubin, JJ., concur.