■ In the Matter of HERMAN WAXMAN, as Proposed Conservatee. SADIE WAXMAN et al., Respondents; GEORGINA D. VASSILIOU, Appellant. (Proceeding No. 1.) In the Matter of HERMAN WAXMAN, Respondent. GEORGINA D. VASSILIOU, Appellant; DANIEL WAXMAN, Respondent. (Proceeding No. 2.)

This litigation was commenced in 1982 by the filing of a petition pursuant to Mental Hygiene Law article 77 for the appointment of a conservator over the property of petitioner Herman Waxman (proceeding No. 1) *(see, Matter of Waxman,* 96 AD2d 906). On appeal, this court, *sua sponte,* dismissed the conservatorship proceeding on the ground that it merely contained conclusory allegations that the proposed conservatee Mr. Waxman was confused and disoriented and was not supported by any medical affidavit to that effect. Thus, the papers, on their face, failed to show (1) that Mr. Waxman suffered substantial impairment of his ability to care for his property, and (2) that there was a need for the appointment of a conservator, as required by Mental Hygiene Law article 77. This court also observed that Mr. Waxman had executed an irrevocable inter vivos trust which would remain in force and which would assure the care of his property for the rest of his life. This fact constituted an additional ground why a conservator was not needed *(Matter of Waxman, supra).* The case was remitted to Special Term for further proceedings.

On September 17, 1983, Mr. Waxman executed a purported revocation of the inter vivos trust and subsequently obtained consents to the revocation from his wife and children. He then brought a proceeding, *inter alia,* for a judicial determination that the trust had been established by mistake and could be rescinded and that it had been properly revoked pursuant to EPTL 7-1.9 (proceeding No. 2). The trustee moved, *inter alia,* for orders granting partial summary judgment, for the turnover of Mr. Waxman's assets to the trust and restraining his family members and their attorneys from interfering with her duties as trustee. Special Term granted the petition and denied the trustee's motions. The basis for the decision was that clause 15 of the trust, the irrevocability clause, contained a waiver of the settlor's statutory right to revoke, but such waiver violated public policy against restraints on alienation. We now reverse.

At the outset, we note that the issue of the validity of the inter vivos trust was not adjudicated upon the prior appeal in this case to this court. The court merely observed that the existence of the trust was one reason why there was no need for the appointment of a conservator over the property of Mr. Waxman. The validity of the trust was neither expressly nor impliedly upheld. Indeed, the main ground for the dismissal of the conservatorship proceeding was the insufficiency of the petition and its supporting papers. Thus, Special Term properly ruled that an adjudication of the trust's validity was not barred by res judicata or any other doctrine of preclusion.

Nevertheless, in light of Herman Waxman's contentions that execution of the trust was, in effect, procured by fraud and/or mistake, Special Term prematurely considered the issue of revocation before conducting a hearing on the validity of the trust *ab initio*. To the extent that the court summarily resolved the validity issue without a hearing, that, too, was error in view of the conflicting affidavits as to Mr. Waxman's state of mind at the time of the trust's execution and as to whether he received proper explanation of the trust terms. In view of the foregoing, we remit the matter to Special Term for a hearing on these issues to be held with all convenient speed. Following such hearing, Special Term may then entertain any motions brought on by the parties. Titone, J. P., Thompson, O'Connor and Eiber, JJ., concur.