■ BARCLAYS BANK OF NEW YORK, N. A., as Cotrustee of the Eugenia C. Sanchez Trust, et al., Respondent, v ANTONIN TUTTER, Defendant, and EUGENIA C. SANCHEZ, Appellant.—In an action for a judgment declaring the invalidity of purported amendments to two trust agreements, the defendant Eugenia C. Sanchez appeals from (1) so much of an order of the Supreme Court, Westchester County (Cerrato, J.), dated September 25, 1986, as granted the plaintiff's motion to compel her to undergo a mental health examination by a psychiatrist appointed by the court and (2) an order of the same court, entered April 3, 1987, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order dated September 25, 1986, is affirmed insofar as appealed from and the order entered April 3, 1987, is affirmed, with one bill of costs.

The defendant Eugenia Sanchez is the grantor and sole beneficiary of two inter vivos trust agreements created in 1957 and 1972, respectively. The provisions of the trusts are essentially identical in that Ms. Sanchez is the sole lifetime beneficiary and may receive whatever part of the principal the trustees deem necessary and both trusts are termed "irrevocable."

On April 7, 1984, Sanchez attempted to amend the trusts by appointing Key Trust Company in the place of the plaintiff as corporate trustee and the codefendant Antonin Tutter as individual trustee. Legal action ensued for a declaratory judgment concerning the validity of the new appointments and resulted in a stipulation and order dated October 15, 1984, which stated that the plaintiff's continuance as corporate trustee was in the defendant Sanchez's best interest and that Tutter and the plaintiff would serve as cotrustees.

By written instrument dated January 4, 1985, Sanchez again attempted to amend both trusts, *inter alia,* by granting Tutter complete managerial control over investment and withdrawal of the principal. Upon receiving these amendments, the plaintiff commenced the instant action attempting to have the amendments nullified on the ground that Tutter was benefiting by them and unduly influencing Sanchez to make them. It was further alleged that the amendments constituted an improper delegation of the trustees' responsibilities and duties, an imprudent dealing and investment of trust assets, and an obstruction of the original intent of the trust instruments. The plaintiff also asked that Tutter be removed as trustee and that its legal expenses be paid out of the trust principal. The plaintiff moved for and was granted an order to compel Sanchez to undergo a psychiatric examination to determine whether she was able to handle her own financial affairs and whether the amendments to the trust agreements were the product of undue influence by Tutter and/or others.

In response, Sanchez executed amendments to both trust agreements which, *inter alia,* revoked the amendments of January 4, 1985, and designated Norstar Trust Company as coequal trustee with Tutter in the place of the plaintiff. The defendant Sanchez moved for summary judgment, claiming that the invalidation of the January 4, 1985, amendment and designation of a new corporate trustee as cotrustee with equal say in all investment and withdrawal decisions rendered the plaintiff's complaint moot. The motion was denied. The defendant Sanchez appeals from this order and the order compelling her to undergo a psychiatric examination.

We agree with the Supreme Court, Westchester County, that Sanchez's mental capacity is sufficiently "in controversy" to warrant a psychiatric determination. "[I]n controversy" under CPLR 3121 is defined as "necessary for the alleged impairment—physical or mental—to relate to, contribute to, or in some way attempt to mitigate the claims for damage or other relief sought by the plaintiff" (3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3121.01, at 31-413). Here, a determination of Sanchez's ability to make decisions and a possible determination of undue influence obviously relates to and contributes to the outcome of the case.

We also find sufficient triable issues of fact remaining which preclude a granting of summary judgment *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395). Although the plaintiff's claim of unequal delegation of fiduciary powers may have been mooted by the new trust amendments, the issue of undue

influence remains unresolved, which, if found to have existed, would void the amendments *ab initio (see, Kreindler v Irving Trust Co.,* 23 NY2d 785; *Matter of Waxman,* 110 AD2d 644). Furthermore, the issues of whether the 1986 amendments were in the best interest of Sanchez and whether those amendments violate the provisions of the original trust agreements and the court-ordered stipulation of October 1984 are still undecided and require factual determination. Mangano, J. P., Brown, Harwood and Balletta, JJ., concur.