■ In the Matter of the Conservatorship of MARJORIE BROWN. THOMAS C. BROWN et al., Respondents-Appellants; ROBERT M. BROWN, Appellant-Respondent.—Casey, J. (1) Cross appeals from an order of the Supreme Court (Ingraham, J.), entered June 7, 1988 in Cortland County, which, in a proceeding pursuant to Mental Hygiene Law article 77, *inter alia,* granted petitioners' motion to set aside a verdict in favor of respondent, granted a new trial, and removed and replaced the original guardian ad litem, and (2) appeals (a) from an order of said court, entered March 1, 1989 in Cortland County, which, *inter alia,* granted the motion of the successor guardian ad litem for summary judgment and appointed a conservator for Marjorie Brown, and (b) from an order of said court, entered May 16, 1989 in Cortland County, which, *inter alia,* granted the conservator's motion for authority to make certain expenditures and denied respondent's cross motion for an order to, *inter alia,* remove the conservator.

The subject of this proceeding to appoint a conservator *(see,* Mental Hygiene Law § 77.01 *et seq.)* is an elderly woman, Marjorie Brown (hereinafter the conservatee), now 80 years old and confined to a nursing home, who has five children and substantial assets, including cash, rental properties and a hardware store. Active and alert for most of her life, the

conservatee's mental condition began to deteriorate in the early to mid-1980's, probably due to Alzheimer's disease. Her children were originally in agreement as to their mother's condition and her necessary care but, by the summer of 1987, a dispute had arisen concerning the necessary care. Respondent, the conservatee's son, was employed as the manager of his mother's hardware store and he wanted someone to stay with his mother at night, since she was with him at the hardware store during the day. Petitioners, the other four children, decided to hire a full-time day-care aide to stay with their mother.

The simmering controversy boiled over into the courts, in the form of this proceeding, as the result of events which occurred in July 1987. Respondent consulted an attorney on July 13, 1987 and the following day he brought his mother to the attorney's office, where she executed a new will and durable power of attorney in favor of respondent. Following the commencement of this proceeding in August 1987, the attorney who prepared the new will and power of attorney, Theodore Fenstermacher, was appointed as the conservatee's guardian ad litem. Petitioners' motion to disqualify the guardian ad litem was denied, and the matter proceeded to trial before a jury (see, Mental Hygiene Law § 77.07 [c]). The jury found the conservatee to be substantially impaired in her ability to care for her property, but not in present need of a conservator.

Petitioners moved to set aside the verdict and for an order either appointing a conservator or directing a new trial on the issue of the need for a conservator. Concluding that the guardian ad litem had effectively abandoned his role as an advocate of the best interests of the conservatee and had become an advocate of respondent's interests, Supreme Court ordered, inter alia, a new trial, removed the guardian ad litem and appointed a successor guardian ad litem. Thereafter, the successor guardian ad litem moved for summary judgment directing the appointment of a conservator. Finding "an emergent situation which requires immediate action", Supreme Court granted the motion and appointed the conservatee's oldest granddaughter, an experienced bank officer, as the conservator. In a subsequent order, Supreme Court granted the conservator's request to expend funds to retain a lawyer, an accountant and a real estate appraiser, and denied respondent's cross motion for removal of the conservator. Various appeals and cross appeals ensued.

We agree with Supreme Court's conclusion that the jury's

verdict should be set aside and that a conservator should be appointed, but we would follow a different line of reasoning. It is our view that, irrespective of the propriety of the conduct of the original guardian ad litem at trial, the jury's verdict finding no need for the appointment of a conservator is against the weight of the evidence which conclusively established such a need. The following undisputed facts lead us to this conclusion: (1) the mental condition of the conservatee has deteriorated to the point where she is incapable of caring for either her person or her property without full-time care and assistance, (2) the conservatee's condition is irreversible, with further deterioration a virtual certainty, (3) the conservatee's assets are varied and substantial, and they require management and protection which the conservatee is concededly incapable of providing, and (4) the existing mechanism for providing the necessary management and protection of the conservatee's assets, the durable power of attorney held by respondent *(see,* General Obligations Law § 5-1601), is inadequate since respondent's financial dependence upon one of the conservatee's assets, the hardware store, creates a potential conflict of interest between respondent's self-interest in the continued operation of the store and the conservatee's best interests, which might be better served by seeking a safer and/or more productive investment.

While we agree with respondent that petitioners bore the burden of proving by clear and convincing proof both that the conservatee has suffered substantial impairment of her ability to care for her property and that there is a need for the appointment of a conservator *(compare, Matter of Forward,* 86 AD2d 850), we find that the previously recited facts satisfied the burden. Thus, Supreme Court erred in directing a new trial instead of appointing a conservator as requested by petitioners; however, in light of the subsequent order, wherein Supreme Court appointed a conservator upon the motion of the successor guardian ad litem, this error can easily be remedied by incorporating the decretal provisions of the subsequent order into the posttrial order.

We note that respondent does not object to the person chosen to be conservator, who appears well qualified. Rather, respondent claims that there is no need for a conservator where there exists a power of attorney which survives the conservatee's impairment. As a legal proposition, the claim is erroneous *(see,* General Obligations Law § 5-1601 [2]) and, in the circumstances of this case, we find the claim to be factually incorrect as well.

Respondent also claims that Supreme Court erred in removing the original guardian ad litem, but we see no abuse of the discretion vested in Supreme Court by Mental Hygiene Law § 77.09 concerning the appointment of a guardian ad litem to represent the interest of the conservatee *(cf., Matter of Foley,* 140 AD2d 892, 894). In light of the attorney's involvement in the preparation and execution of the will and durable power of attorney, which were a focus of the proceeding in Supreme Court and will likely be the subject of future litigation, we are of the view that the original appointment should not have been made in the first place.

The original guardian ad litem has filed various notices of appeal in his own behalf, but since he is not a party to this proceeding, he has no standing to appeal *(see,* CPLR 5511; *Matter of Tagliarini,* 264 NY 682). Assuming that he was sufficiently aggrieved by the provision which removed him as guardian ad litem *(see, Caruso v Caputo,* 143 AD2d 795, 796 [where the court suggested that a natural parent who is removed as the legal representative of one of his children in a tort action is aggrieved by the order of removal and could have appealed therefrom]), we have considered the propriety of the order of removal on respondent's appeal and find no reason to disturb it. The guardian's suggestion that he has standing as the result of an existing attorney/client relationship with the conservatee *(see, Matter of Aho,* 39 NY2d 241) has no support in the record.

Order entered June 7, 1988 modified, on the law, without costs, by reversing so much thereof as denied petitioners' motion pursuant to CPLR 4404 (a) for judgment in their favor; motion granted and the decretal provisions of the order entered March 1, 1989 are incorporated in the order entered June 7, 1988; and, as so modified, affirmed.

Appeal from order entered March 1, 1989 dismissed, as academic, without costs.

Order entered May 16, 1989 affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.