OPINION OF THE COURT
Sebastian Leone, J.
The petitioner, the Acting Commissioner of Social Services of the City of New York, seeks the appointment of a committee of the person and property of Amy Bullens, an alleged incompetent person. The respondent has appeared in this proceeding by an attorney who has moved pursuant to CPLR 3211 (a) (7) to dismiss the petition or, alternatively, seeks leave of the court to obtain disclosure pursuant to CPLR 408 and the discharge of the guardian ad litem previously appointed by this court. Petitioner cross-moves for disclosure and asks that respondent submit to an updated psychiatric evaluation by petitioner’s psychiatrist.
Respondent moves to dismiss the petition on the ground that it fails to "state facts showing incompetence and that a conservatorship under article seventy-seven of this chapter would be inappropriate”. (Mental Hygiene Law § 78.03 [c].) The court agrees.
The petition itself is devoid of any facts which would lead to a conclusion that the respondent is incompetent to manage herself or her affairs. The affirmation of the petitioner’s psychiatrist doesn’t cure the defective petition. The doctor examined the respondent on May 1, 1989, over a year ago. Among his conclusions, he found the respondent dressed appropriately for the weather; fully ambulatory; cognitively intact; exhibiting coherent and goal-directed thought processes; intelligent and fully oriented. The additional allegations regarding lipstick in her hair; her dirty apartment; piles of clothes; bags of garbage; lit candles on the floor; broken refrigerator; her refusal to take medication; her belief that her hot plates were broken by other people; and that her oil burner was stolen, may be considered eccentric behavior, but do not lead to a conclusion of incompetency. (See, Matter of Javarone, 76 Misc 2d 20.)
The petition further states that a conservatorship would be inappropriate because of respondent’s "refusal to accept voluntary measures to alleviate the physical and mental threats to her well-being and because her age and chronic mental condition require placement, involuntarily, if necessary, in a nurs *168 ing home or hospital.” However, petitioner’s proposed plan is "to insure that she receives all necessary services * * * so that she may remain in the community.” The plan to have respondent remain in the community appears inconsistent with her need for placement in a nursing home or hospital.
A proceeding for a determination of incompetency and the appointment of a committee is one of utmost seriousness involving depriving one of the free and normal exercise and use of his or her personal conduct, liberty and property. Great care should be taken to protect the alleged incompetent and to guard him or her against being deprived of such substantial and basic rights upon insufficient and unjustified grounds. (See, In re Ginnel, 43 NYS2d 232.) Based on the inadequacy of the petition and supporting papers, the court finds no issue of fact presented requiring a trial and, therefore, makes this summary determination dismissing the petition. (See, CPLR 409 [bj; Matter of Forward, 86 AD2d 850 [2d Dept 1982].)
Petitioner cross-moves, pursuant to CPLR 3121, for an order directing respondent to submit to an updated psychiatric evaluation by petitioner’s psychiatrist. The motion must be denied.
CPLR 3121 on its face allows a party to obtain an examination of any other party whose mental or physical condition is in controversy. (See, Koump v Smith, 25 NY2d 287 [1969].) Clearly, a proceeding for a declaration of incompetency and for the appointment of a committee puts respondent’s mental condition into controversy. However, where a defendant has not affirmatively placed his or her medical condition in issue either by way of counterclaim or to excuse the conduct complained of by the plaintiff, he or she does not waive the physician-patient privilege and may object to the disclosure sought based on that privilege. (See, Dillenbeck v Hess, 73 NY2d 278; Koump v Smith, supra; CPLR 3101 [b].)
Accordingly, respondent’s motion to dismiss the petition is granted. Petitioner’s cross motion for a psychiatric examination of respondent is denied.