■ In the Matter of Paul Bonesteel. Anthony R. Triulzi, as Chief Executive Officer of Kingston Hospital, Appellant; Paul Bonesteel, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court (Torraca, J.), entered July 16, 1990 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 77, to appoint a conservator of the property of respondent.

Petitioner appeals Supreme Court's denial of his application for an order appointing a conservator of the property of respondent. Respondent was 86 years old at the time the petition was filed and has been residing in Kingston Hospital in Ulster County, of which petitioner is the chief executive officer, since August 9, 1988. Respondent is a blind, left-leg amputee who suffers from significant cellulitis on his right leg. The hospital has been unable to discharge respondent because he lived alone and was unable to arrange proper provisions for his care. The petition alleged that the appointment was necessary because respondent "suffered substantial impairment of his ability to care for his property and has become unable to provide for himself by reason of illness, advanced age, and [severe organic dementia]". The appointed guardian ad litem opposed the petition on the ground, *inter alia,* that respondent was competent to manage his affairs. Supreme Court denied the petition without a hearing and this appeal by petitioner ensued.

We reverse. The appointment of a conservator requires a showing, in this instance, that respondent "has suffered substantial impairment of [his] ability to care for [his] property and that there is a need for the appointment of a conservator" *(Matter of Brown,* 157 AD2d 978, 980, *lv denied* 76 NY2d 701, *appeal dismissed* 76 NY2d 746; *see,* Mental Hygiene Law § 77.01 [1]). Although, as a special proceeding *(see,* Mental Hygiene Law § 77.03 [a]), a petition seeking the appointment of a conservator may be decided upon the papers submitted, where questions of fact exist the Mental Hygiene Law requires, at the very least, that a hearing be conducted *(see,* Mental Hygiene Law § 77.07 [b], [c]; *cf., Matter of Forst,* 53 AD2d 842, 843; *Matter of Javarone [DeRizzo],* 49 AD2d 788).

Here, medical reports stating that respondent suffers from an organic mental disorder and "is not competent to make decisions for himself", as well as the threat to respondent's assets stemming from the decision to deny him Medicaid benefits and a Medicaid lien against his residence, all suffice to create issues requiring a hearing and, if demanded, possibly a trial of the matter *(see,* Mental Hygiene Law § 77.07 [c]).

Casey, Weiss, Levine and Mercure, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision.