OPINION OF THE COURT
Lewis R. Friedman, J.
During this proceeding for the appointment of a guardian pursuant to the new Mental Hygiene Law article 81 an important procedural issue has emerged which has not been addressed in the reported cases under article 81, or its predecessors (Mental Hygiene Law former arts 77, 78). This case presents the question of whether an article 81 proceeding may be discontinued before an evidentiary hearing.
Petitioner, the Director of Social Services of New York University Medical Center, sought the appointment of a guardian of the person and property of Shirley W., an allegedly incompetent person (AIP). The application included an affidavit of a board certified psychiatrist. He described the AIP’s condition, as a bed-bound 77 year old recovering from a stroke, fed through a nasal-gastric tube, disoriented from dementia and clinical depression. On October 5 the court signed an order to show cause, which set the matter for a hearing and appointed a court evaluator.
On the return date retained counsel appeared for the AIP. The court evaluator submitted the report of her evaluation. The report and other documents revealed that the AIP had recovered significantly both physically and mentally. Petitioner’s counsel expressed a desire to withdraw the proceeding. The court evaluator and the AIP’s retained counsel appeared to agree to a discontinuance but disagreed as to the procedure to be followed, and who should bear the costs of this proceeding.
The first issue is whether a proceeding under article 81 may be discontinued without a hearing. Under prior law summary dispositions without a hearing of conservatorship proceedings were permitted (CPLR 409 [b]; Matter of Forward, 86 AD2d 850, 851; Matter of Waxman, 96 AD2d 906, 907-908). However, no cases under prior law even discuss discontinuances. Article 81 makes no provision for any disposition without a hearing; the only requirement is that appointment of a guardian shall be made "only after a hearing” (Mental Hygiene Law § 81.11 [a]). The Law Revision Commission Comments to section 81.11 state that "[t]he section makes clear that a hearing is required as part of a proceeding under this article.” (Law Rev Commn *914 Comments, reprinted in McKinney’s Cons Laws of NY, Book 34A, Mental Hygiene Law § 81.11, 1994 Pocket Part, at 262.) The court cannot conclude that the Legislature intended to cause needless hearings. The primary thrust of article 81 is to have the court impose the least restrictive intervention (see, Mental Hygiene Law §§ 81.01, 81.02, 81.03 [d]). Even without a hearing, if all of the factors suggest that no guardian is needed, and the parties all agree, the Legislature’s purpose is met. (Cf., Matter of Waxman, supra.)
Since the proceeding may be discontinued, the next question is what procedure should be followed. The counsel for the AIP has offered to stipulate to discontinuance (CPLR 3217 [a] [2]).[1]
The court evaluator contends that a stipulation is unavailable because the AIP may be "under a disability” (see, SCPA 103 [25]) even though she is not an "incapacipated person” as defined in Mental Hygiene Law § 81.02 (b). While the court recognizes that the concepts of "disability” and "incapacitation” are different, the issue is resolved by the language of CPLR 3217 (a) (2) itself. When article 81 was added (L 1992, ch 698), the Legislature, presumably by oversight, did not amend CPLR 3217. Under the existing language a stipulation of discontinuance is possible "provided that no party is an * * * incompetent person for whom a committee has been appointed or conservatee.” Section (4) of chapter 698 provides that where the terms "committee” or "conservator” are used "such statute shall be construed to include the term guardian” (see, Matter of Rochester Gen. Hosp., 158 Misc 2d 522). Clearly the repeal of articles 77 and 78 by chapter 698 requires an interpretation that the proviso in CPLR 3217 (a) (2) applies only where a guardian has actually been appointed. Thus, the proviso is inapplicable here.[2]
However, discontinuance by stipulation is unavailable for another reason. This court concludes that a court evaluator is *915 "a party” within the meaning of CPLR 3217 (a) (2). The court evaluator, a new legal entity created by article 81 (see, Matter of Sulzberger, 159 Misc 2d 236), is an independent person acting to investigate and inform the court and AIP during the proceeding (Mental Hygiene Law § 81.09). The statute does not limit the duties of the court evaluator but it does specify some of them (Mental Hygiene Law § 81.09 [c]). Moreover, it is inconsistent with the legislative intent for the matter to be disposed of without the court evaluator’s reports to the court. The court evaluator’s function includes "conducting any other investigations or making recommendations with respect to other subjects as the court deems appropriate” (Mental Hygiene Law § 81.09 [c] [8]). This strongly suggests that the court evaluator must be heard before any disposition. Thus she should be considered to be a "party.” In that manner the court fulfills its "duty” to protect litigants who may actually be incapacitated but have not been judicially declared such (Sengstack v Sengstack, 4 NY2d 502; Wurster v Armfield, 175 NY 256, 262). The enumerated powers of a court evaluator do not include consent to a discontinuance. The court will not add that power by implication because it is incompatible with the court evaluator’s role for her to make a binding decision to affect the outcome of the case. Absent a court order, even if the court evaluator were inclined to do so, she may consent to discontinuance.
Therefore, the only manner of discontinuance permissible here is by court order pursuant to CPLR 3217 (b). The court must exercise its discretion to determine if the discontinuance is proper and is in the AIP’s best interest. Based on the submissions a discontinuance would appear to be reasonable here if, as the statute provides, the discontinuance is "upon terms and conditions, as the court deems proper.” (See, Siegel, NY Prac § 297, at 428 [2d ed].)
This case is particularly ripe for the imposition of conditions. Counsel for the AIP has obtained a general power of attorney in favor of the AIP’s brother-in-law. The court evaluator has expressed concern over whether the attorney-in-fact is indeed acting in the best interest of the AIP or is acting to favor the AIP’s son, who has been described as a heavy gambler. The court evaluator suggests that a supplemental needs trust be set up for the AIP who will be going into a nursing care facility. Counsel for the AIP seems to oppose, but offers no substantial reason for doing so, other than to state that there is no basis for this court to exercise jurisdiction if it *916 decides to order a discontinuance. Counsel’s propositions are rejected here. Clearly money must be set aside for the AIP before any funds are used for other purposes. The court believes that such a result is consistent with the legislative purpose for article 81, to find the least restrictive infringement on an AIP’s rights, while protecting the AIP’s interests. It must be remembered that the position of petitioner, seeking to discontinue, does not, on its face, necessarily establish a basis to conclude that she is not "incapacitated”, only that a guardian is not now required. Thus, a method for financing the AIP’s needs must be set forth in the order to be settled before discontinuance is approved.
The court evaluator seeks an allowance for her services to be paid by the AIP (Mental Hygiene Law § 81.09 [f]). Clearly the court evaluator has performed a significant, valuable service for the AIP. There is no reason to put the burden of the court evaluator’s expenses on the petitioner who has acted in good faith in bringing the proceeding. Thus, the court evaluator’s fee will be payable by the AIP in an amount set in the order to be settled.
The petitioner seeks to have her fees paid by the AIP also (Mental Hygiene Law § 81.16 [f]). Under the law the petitioner’s attorney’s fees may be borne by the AIP if the court "deems it appropriate.” The court will not impose petitioner’s counsel’s fees on the AIP here. The proceeding was brought in good faith but, under the circumstances, that alone is not sufficient to shift the burden of paying for this proceeding to the AIP. There should be some special circumstance to warrant the fee shifting in any case where the matter is discontinued or dismissed. There are none here. The hospital which commenced the proceeding should bear its own counsel fees.

. The court notes that no notice of discontinuance was filed by petitioner under CPLR 3217 (a) (1). The court expresses no view at this time on whether that procedure is, or should be, applicable to article 81 proceedings. The right to discontinue by notice is absolute (e.g., Broder v Broder, 59 NY2d 858), if the notice is served within "twenty days after service of the pleading asserting the claim” or "before a responsive pleading is served.” (CPLR 3217 [a] [1].) Of course, the court evaluator’s report may well be treated as a "responsive pleading.”

. Legislative input would be helpful here since the broad range of management powers given a guardian (Mental Hygiene Law §§ 81.20, 81.21, 81.22) suggest that in many cases wards should be permitted to act for themselves to discontinue actions to which they are parties.