■ In the Matter of RUTH B. GINSBERG, Appellant. MARK GINSBERG et al., Respondents. [606 NYS2d 302] —In a special proceeding pursuant to Mental Hygiene Law former article 77 for the appointment of conservators of the property of Ruth Ginsberg, the proposed conservatee appeals from an order and judgment of the Supreme Court, Queens County (Kassoff, J.),

dated March 24, 1992, which, *inter alia,* appointed the petitioner Mark Ginsberg and Leonard Weinstock co-conservators of her property.

Ordered that the order and judgment is affirmed, with costs.

In a proceeding under Mental Hygiene Law former article 77 for the appointment of conservators, the petitioner was required to show by clear and convincing proof: (1) that the proposed conservatee suffered substantial impairment of her ability to care for her property, and, (2) that there was a need for the appointment of a conservator *(see, Matter of Waxman,* 96 AD2d 906; *Matter of Forward,* 86 AD2d 850). Here, the petitioner succeeded on both grounds.

Ruth Ginsberg, because of her advanced age, related mental weakness, and susceptibility to the influence of others, particularly her grandsons who are now living with her, is unable to manage her property. In addition, the execution of an irrevocable trust by Ruth Ginsberg on October 10, 1991, after the conclusion of the extended hearings in this proceeding, did not render academic the issue of the need for a conservator. The extended hearings established that Ruth Ginsberg is incapable of managing her property. Moreover, the timing of the execution of the trust agreement is suspect, and the trust agreement does not provide many of the protections and safeguards for her property that the appointment of co-conservators provides, such as the requirement of an accounting of the co-conservators to the court. Thompson, J. P., Balletta, O'Brien and Santucci, JJ., concur.