OPINION OF THE COURT
John B. Riordan, S.
This is a petition by the settlors/trustees of an inter vivos *199 charitable trust for an order permitting them to terminate the trust under powers granted in an amendment. This case presents the fairly unusual situation where public funds were donated to an express charitable trust.
By instrument dated April 2, 1969 the settlors created a trust, the Mary Holbrook Russell Memorial Scholarship Fund, to provide scholarships to students at the Cathedral School of St. Mary, a school operated by the Cathedral of the Incarnation in the Episcopal Diocese of Long Island. The trust was named in honor of a former dean and teacher at the Cathedral School of St. Mary. The settlors/trustees established the trust with a minimum fund and the balance of the fund is apparently comprised of public gifts.
Article first provides in part:
“The trust is organized, and shall be operated, exclusively for educational purposes; in particular, to provide total or partial scholarships for worthy students at The Cathedral School of St. Mary, Garden City, New York (‘the School’), an organization exempt from Federal income tax under section 501(c)(3) of the Internal Revenue Code of 1954, as amended. Such scholarships may include payment of or contributions toward room and board, as well as tuition. The students for whom scholarships shall be provided shall be selected by the Trustees from among lists submitted to the Trustees by the School designating students at, or applicants for admission as students to, the School who require financial assistance, total or partial, in order to attend the School.”
An amendment dated September 15, 1969 provides:
“In the event of dissolution of the Trust for any reason, the Trustees shall distribute the entire trust estate to an organization or organizations exempt from taxation under, or in accordance with the purposes recited in, the provisions of Section 501 (c) (3) of the Internal Revenue Code of 1954 or corresponding provisions of future revenue laws.”
In 1989 the school merged with the Cathedral School of St. Paul and scholarships continued to be paid to female students attending the merged school. By 1991 the school had incurred substantial debt. It was announced that the school was closing. The Attorney General of the State of New York commenced a *200 proceeding in Supreme Court, Nassau County, to determine whether the doctrine of cy pres should be applied to permit leasing of the real property (the land upon which the school was built was transferred by deed of gift in 1885). The court determined that the property could be leased to generate income and that the school should be continued if funds were available (Matter of Abrams, 151 Misc 2d 1056).
In 1995 the trustees of the Mary Holbrook Russell trust petitioned this Court for an order permitting the distribution of the trust corpus (currently in the amount of $65,084) to Mount Holyoke College, the alma mater of Mary Holbrook Russell. The trustees, being of advanced age, seek to terminate the trust rather than continue it with a corpus comprised of a modest sum. In a decision dated September 27, 1995 (NYLJ, Oct. 3, 1995, at 29, col 6), the Court determined that the petition was premature in that it had not been determined that the school would permanently close. The trustees have now filed a second petition for an order permitting the trust funds to be paid to Mount Holyoke College. The trustees contend that they are authorized to make the distribution under the trust amendment.
This is a charitable trust. A trust for the advancement of education is for a charitable purpose (Russell v Allen, 107 US 163; Matter of Wilson, 59 NY2d 461; Restatement [Second] of Trusts § 370).
The settlors could initially have provided that a charitable beneficiary was to be selected in the discretion of the trustees (e.g., Matter of Cunningham, 206 NY 601; Rothschild v Schiff, 188 NY 327). The discretionary power was, however, conferred by amendment. Article fourth of the trust provided that Article first could not be “amended unless such amendment shall be necessary to exempt the Trust from taxation under the provisions of section 501 (a) of the Internal Revenue Code.” The amendment not only required the trustees to apply the funds to a charitable purpose it broadened the power of the trustees to apply the funds to any charitable purpose. The amendment violated the terms of the original trust (Barclays Bank v Tutter, 137 AD2d 473).
Where public contributions are made to a charitable fund the contributions must be applied to the originally stated purpose (see, EPTL 8-1.1 [j]). The persons who contributed to the trust prior to the amendment are entitled to have their contributions applied to the original purpose (see, Alco Gravure v Knapp Found., 64 NY2d 458).
*201 Under these circumstances it is appropriate to apply the doctrine of cy pres. The requirements for cy pres are (1) the trust must be charitable in nature; (2) the language of the instrument when read in light of all attendant circumstances must indicate a general rather than specific charitable intent; and (3) the particular purpose for which the trust was created has failed or become impossible or impracticable to achieve (Matter of Othmer, 185 Misc 2d 122).
The second condition is satisfied by the language of the instrument and the fact that the fund is substantially comprised of public gifts. Liberally construed the trust instrument expresses a general intention to provide an education to students at an institution supervised by the Episcopal Church (State ex rel. Attorney Gen. v Van Buren School Dist. 42, 191 Ark 1096, 89 SW2d 605). Further, where a charitable trust is funded with public gifts, the donors are presumed to have a general charitable intent (Bogert, Trust and Trustees § 437 [rev 2d ed]; see also, Richards v Wilson, 185 Ind 335, 112 NE 780). The third condition is met because the school has apparently closed (Matter of Goehringer, 69 Misc 2d 145; In re Potter’s Will, 140 NYS2d 751).
The trustees seek to pay the corpus of the trust to Mount Holyoke College. They contend that the college is an appropriate beneficiary because Mary Holbrook Russell was committed to advancing the education of women. Mary flolbrook Russell was not the settlor of this trust nor was she a donor.
Under the doctrine of cy pres the court must ensure that trust corpus is applied for a charitable purpose falling within the settlors’ purpose. It must enforce the intent of the public donors as well (see, Loch v Mayer, 50 Misc 442; Niles Post No. 2074 v Niles Mem. Hosp. Assn., 65 Ohio App 238, 29 NE2d 631; Richards v Wilson, supra).
To determine the intention of the settlors the court looks to the trust instrument (Community Serv. Socy. v New York Community Trust, 275 AD2d 171, lv dismissed in part and denied in part 96 NY2d 812; Mercury Bay Boating Club v San Diego Yacht Club, 150 AD2d 82, affd 76 NY2d 256). Here, the trust instrument also determines that intention of the public donors.
The charitable gifts under this trust had several components: (1) to promote the education (2) of female students (3) at an institution affiliated with the Episcopal Church. In applying cy pres the court should attempt to satisfy all components (Matter of Scott, 8 NY2d 419). The proposed gift to Mount Holyoke College does not achieve that result.
*202 The trustees are directed to submit an alternative proposal for selection of a beneficiary, on or before October 10, 2001.
The petition is denied to the extent that it seeks an order directing distribution of the corpus of the trust to Mount Holyoke College. The petition will be entertained to the extent that this matter will be resubmitted for decision on October 10, 2001 and an order will issue, directing application of the corpus of the trust in accordance with the standards set forth above.