In a proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian for Rosa B.-S., the appeal is from a resettled judgment of the Supreme Court, Queens County (Thomas, J.), entered May 23, 2001, which, upon a jury verdict, inter alia, determined that the appellant was an incapacitated person and appointed a guardian.
Ordered that on the Court’s own motion, the notice of appeal from an order of the same court dated February 20, 2001, is deemed a premature notice of appeal from the resettled judgment (see CPLR 5520 [c]); and it is further,
Ordered that the resettled judgment is affirmed, without costs or disbursements.
The rules of evidence apply in guardianship proceedings, but “[a] court may, for good cause shown, waive the rules of evidence” (Mental Hygiene Law § 81.12 [b]; see Matter of Janczak, 167 Misc 2d 766, 770 [1995]). The waiver provision set forth in Mental Hygiene Law § 81.12 (b) is applicable only in uncontested proceedings where there is consent to the appointment of a guardian (see Matter of Janczak, supra at 771).
*356 In this proceeding, the trial court was required to follow the rules of evidence, including the assertion and waiver of the doctor-patient privilege (see CPLR 4504), since the appellant did not consent to the appointment of a guardian. Although a guardianship proceeding places the alleged incapacitated person’s medical and mental condition in controversy, he or she does not waive the doctor-patient privilege unless he or she has affirmatively placed his or her medical condition in issue (see Dillenbeck v Hess, 73 NY2d 278 [1989]; Matter of Goldfarb, 160 Misc 2d 1036, 1042 [1994]; Matter of Flowers, 148 Misc 2d 166, 168 [1990]).
The trial court improperly allowed testimony from the appellant’s former physician regarding his treatment of her in violation of the doctor-patient privilege, as the appellant neither waived the privilege nor affirmatively asserted her mental condition at trial (see CPLR 4504; Dillenbeck v Hess, supra at 286-287; Matter of Goldfarb, supra; Matter of Flowers, supra).
However, contrary to the appellant’s contention, the trial court’s error in admitting her former physician’s testimony does not warrant a new trial since the testimony of the appellant’s children established the appellant’s inability to care for her medical, personal, or financial needs, and Mental Hygiene Law article 81 does not require medical testimony in a guardianship proceeding (see Matter of Harriet R., 224 AD2d 625 [1996] ; Matter of Kustka, 163 Misc 2d 694 [1994]).
The appellant’s remaining contentions are without merit. Krausman, J.P, McGinity, Cozier and Rivera, JJ., concur.