■ NINA CARUSO et al., Appellants, et al., Plaintiff, v GIOVANNI CAPUTO et al., Defendants, and JEEP CORPORATION et al., Respondents. PETER RUBINTON, Nonparty Respondent.—In an action to recover damages for personal injuries, etc., the infant plaintiffs Nina Caruso and Ralph Caruso appeal (1) from an order of the Supreme Court, Suffolk County (Orgera, J.), dated May 26, 1987, which granted the renewed motion of the respondents American Motors Corporation and Jeep Corporation to remove Nunzio Caruso as guardian ad litem of his children and appointed Peter Rubinton as guardian ad litem of the infant plaintiff Ralph Caruso, and (2) as limited by their brief, from so much of an order of the same court, dated September 2, 1987, as, upon reargument, adhered to the original determination made upon renewal.

Ordered that the appeal from the order dated May 26, 1987 is dismissed, without costs or disbursements, as that order was superseded by the order dated September 2, 1987, made upon reargument; and it is further,

Ordered that the appeal from the order dated September 2, 1987 is dismissed, without costs or disbursements.

The record reveals that the infant plaintiffs Nina Caruso and Ralph Caruso, by retained counsel, have appealed from an order appointing a guardian ad litem to act on behalf of the infant plaintiff Ralph Caruso. This appeal must be dismissed.

Inasmuch as the challenged order concerns only the guardianship of Ralph Caruso and effects no change in the guardianship of Nina Caruso, Nina Caruso is not an aggrieved party within the meaning of CPLR 5511 and has no standing to appeal from the order.

Moreover, so much of the appeal as is by Ralph Caruso must be dismissed because it is not properly before this court. CPLR 321 provides, *inter alia,* that any party *other than an infant* or other individual specified in CPLR 1201 may appear by an attorney in any action. Pursuant to CPLR 1201, an infant may only appear in an action by a guardian ad litem, a guardian of his property, a parent or other legal custodian, or another legal representative as specified in the statute. Because the attorney prosecuting the appeal for Ralph Caruso is not recognized as an appropriate legal representative of the infant under CPLR 1201, his appearance before this court has no legal effect *(see, Leahy v Hardy,* 225 App Div 323), and no order affecting the infant can be rendered. Hence, the appeal by Ralph Caruso must be dismissed *(see, Matter of Anonymous v Anonymous,* 7 AD2d 932).

We note that Nunzio Caruso, the father of the infant plaintiffs who was removed as the legal representative of Ralph Caruso in this action, was aggrieved by the order of removal and could have appealed therefrom. Moreover, pursuant to CPLR 1202, a relative or next friend of the infant plaintiffs or another appropriate person could have sought the appointment of a new guardian ad litem and taken an appeal from the denial thereof. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.