■ Malka Yerushalmi, Appellant, v Joseph Yerushalmi, Respondent. [51 NYS3d 157]—

Appeal from an order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), dated April 1, 2016. The order, insofar as appealed from, denied those branches of the plaintiff's cross motion which were to disqualify Anthony A. Capetola from representing the defendant in this action and to release various sums of money being held in an escrow account.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the plaintiff's cross motion which were to disqualify Anthony A. Capetola from representing the defendant in this action and to release the sum of $133,893 from the subject escrow account, and substituting therefor provisions granting those branches of the plaintiff's cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In this divorce action, the defendant suffered a stroke in September 2015, prior to the completion of the continued hearing on his motion to terminate his temporary maintenance obligation. When the defendant appeared pro se for the continuation of the hearing on November 10, 2015, the Supreme Court determined that he was no longer competent, and directed the appointment of a guardian ad litem. By order dated November 13, 2015, a guardian ad litem was appointed

on the defendant's behalf. Three days later, however, the defendant retained attorney Anthony A. Capetola to represent him in the action. In the order appealed from, the Supreme Court denied those branches of the plaintiff's cross motion which were to disqualify Capetola from representing the defendant and to release various sums of money being held in an escrow account.

The Supreme Court erred in denying that branch of the plaintiff's cross motion which was to disqualify Capetola from representing the defendant in this action. A party who has been deemed by the court to be incapable of defending his or her rights, and for whom a guardian ad litem has been appointed, may only appear in an action by that guardian ad litem (see CPLR 321 [a]; 1201; Caruso v Caputo, 143 AD2d 795, 796 [1988]). Here, since a guardian ad litem had been appointed on behalf of the defendant on November 13, 2015, the defendant lacked authority to select and retain Capetola as his attorney.

The Supreme Court also erred in denying that branch of the plaintiff's cross motion which was to release the sum of $133,893 from the subject escrow account, which holds the proceeds of a sale of real property, in order to enable the plaintiff to pay capital gains taxes on the profits from that sale.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted those branches of the plaintiff's cross motion which were to disqualify Anthony A. Capetola from representing the defendant in this action and to release the sum of $133,893 from the subject escrow account. Mastro, J.P., Chambers, Miller and Barros, JJ., concur.